Jerry **SHACKELFORD** et al., Petitioners,

v.

The **CITY OF ABILENE** et al.,
Respondents.

No. B–8103.

Supreme Court of Texas.

July 18, 1979.

McMahon, Smart, Wilson, Surovik & Suttle, Michael S. Baskerville, Abilene, for petitioners.

Harvey Cargill, Jr., City Atty., David M. Wolpin, Asst. City Atty., Abilene, for respondents.

GREENHILL, Justice.

Jerry Shackelford, et al.,[1] (hereinafter referred to as "Shackelford") brought this suit seeking injunctive relief prohibiting violations of the Texas Open Meetings Act, article 6252–17,[2] the Texas Open Records Act, article 6252–17a, and the Abilene City Charter, by the members of the Abilene Equal Employment Opportunity Board (hereinafter referred to as the "Board").[3]

The trial court granted the requested relief and entered a permanent injunction requiring all meetings of the Abilene Equal Employment Opportunity Board to be public and requiring that minutes of those meetings be kept and made available as public records. The Court of Civil Appeals sitting in Eastland reversed the judgment of the trial court and rendered judgment for the Board holding, on the principal question, that Shackelford did not have the proper standing to maintain such a suit. 572 S.W.2d 742 (1978). We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

The parties have stipulated the facts. On November 29, 1977, the Abilene Equal Employment Opportunity Board held a meeting at city hall. This Board was created in 1977 as part of the affirmative action plan of the City of Abilene.

The meeting was held to consider an allegation of employment discrimination against a Mexican-American employee of the City. The Board heard evidence, cross-

---

1. Jerry Shackelford is a resident of Abilene and a news reporter for KRBC Television. The other plaintiffs in this action are Abilene Radio and Television Company d/b/a KRBC Television, and Reporter Publishing Company d/b/a Abilene Reporter News.

2. All references are to Vernon's Texas Civil Statutes Annotated.

3. Also named as defendants were the City of Abilene, its mayor, and the members of the City Council of Abilene.

examination, received exhibits and heard arguments, all in public. The audience at this hearing included many citizens of Abilene, members of the League of United Latin American Citizens, and members of the Abilene news media.

At the conclusion of the presentation of evidence and arguments, the Board, acting upon advice of the City Attorney, retired to deliberate the matter in private. The Board returned in about fifteen minutes and announced that they could not reach a decision at that time.

The Board then recessed for the night and reconvened publicly the following evening. After discussing possible conflicts between the Texas Open Meetings Act and the Abilene City Charter, the Board returned to a private session to consider the charges of racial discrimination. When the Board met in private, it had the consent of the individual complainant.

The Board again deliberated in private for over three hours and then announced that it had reached a decision, and that it would reveal that decision to the complainant on December 5, 1977, and to the general public five days later. One of the Board members took notes during the private meeting, but no minutes were taken.

On December 5, 1977, by a written request pursuant to the Texas Open Records Act, article 6252–17a, Shackelford requested the Board to produce the names and final voting record of the Board along with the minutes of the closed session. The information was not furnished.

Later that day Shackelford filed suit seeking a temporary restraining order and an injunction prohibiting the Board from meeting privately and from ignoring the City Charter provision which requires minutes to be kept. The trial court after issuing a temporary restraining order, enjoined

the Board from conducting any further closed meetings with respect to this employment discrimination complaint; from taking any vote or reaching any decision not made in public; and from implementing any decision or order reached in the closed meeting. The trial court further ordered the Board to comply with the City Charter by keeping minutes of its meetings and by making those minutes available as it would any other public record.

The Court of Civil Appeals reversed the decision of the trial court and rendered judgment for the Board. It held that under the provisions of the Texas Open Meetings Act, article 6252–17, and under the Abilene City Charter, Shackelford had no standing to enjoin the Board from meeting privately. It further held that although Shackelford did have standing under the Texas Open Records Act, article 6252–17a, to seek the minutes of the meeting, since none were kept, Shackelford could be afforded no relief.

I. *Open Meetings.*

■ Shackelford claims a right to require the Board to meet openly under the City Charter of Abilene. We hold that under the City Charter of Abilene, Shackelford has a right to require public meetings. In so holding, we do not rule upon any claim under the Texas Open Meetings Act; nor do we address Shackelford's claim that as a member of the working press he acquires any special rights not available to the general public.[4]

The current Abilene City Charter was adopted in 1962. It provides in pertinent part:

PUBLIC MEETINGS

Section 122: *All meetings* of the Council and *all Boards or Commissions* appointed by the Council *shall be open to the public. Minutes of all such meetings shall be kept* and such min-

---

**4.** It is interesting to note that the Legislature in its most recent session, after the events here in question occurred, amended the Texas Open Meetings Act, article 6252–17(3), to read as follows:

Any interested person, *including bona fide members of the news media,* may commence

an action either by mandamus or injunction for the purpose of stopping or preventing violations or threatened violations of this Act by members of a governing body. [Emphasis added].

utes shall constitute public records. [Emphasis added].

It is not disputed that Jerry Shackelford is a member of the public and a citizen of Abilene. Nor is it disputed that the Equal Employment Opportunity Board is a "Board or Commission appointed by the Council . . ." as is contemplated by Section 122. The plain meaning of Section 122 is obviously that *all* meetings of any such board are open to the public. Therefore, Jerry Shackelford and any other member of the public should be able to attend *all* meetings.

The Board contends that in personnel matters or other issues of a sensitive nature it should have the discretion to hold closed meetings. Indeed, the Texas Open Meetings Act, article 6252–17(2)g has just such a provision. It states:

> (g) Nothing in this Act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, unless such officer or employee requests a public hearing.

However, as previously stated, the Texas Open Meetings Act does not control this case. Although bound by the Open Meetings Act, the Equal Employment Opportunity Board is also bound by the restraints of the city charter; and in this case, the Abilene City Charter controls. The Open Meetings Act specifically states:

> Nothing in this Act shall be construed to allow a closed meeting of a governing body where such closed meeting is prohibited, or *where open meetings are required, by charter.*[5]

The citizens of Abilene have deliberately chosen to keep all city meetings open. In 1976, an amendment to the Abilene City Charter was proposed which would have, in fact, adopted the personnel exception of the Texas Open Meetings Act cited above.

That amendment was soundly defeated by the voters of Abilene. The citizens of Abilene have specifically chosen not to allow any exceptions to the rule that *all* meetings of its City Council, and boards or commissions appointed by the Council, be open to the public.

Therefore, Jerry Shackelford, as a citizen of Abilene and a member of the public, has a right to attend any meeting of the Board and to enjoin any meeting of the Board which might be closed in violation of the City Charter.

II. *Open Records.*

■ The Court of Civil Appeals held that Shackelford was not entitled to the minutes of the closed meeting under the Texas Open Records Act because no minutes were taken. It further held that Shackelford had no standing to contest the failure to furnish these records as required by the Abilene City Charter. We hold that Shackelford has standing and is entitled to the minutes under the Abilene City Charter.

Section 122 of the Abilene City Charter, as set out above, requires that minutes be taken at all meetings of the city council, of boards or of commissions, and that such minutes constitute *public records.* The Abilene City Charter further states:

PUBLIC RECORDS

> Section 123: *All public records of every office, department or agency of the City shall be open to inspection by any citizen* at all reasonable times, provided that such police records, vital statistic records, or other records which are closed to the public by law shall not be considered public records for the purpose of this Section. [Emphasis added].

Shackelford is a citizen of Abilene and as such is entitled to inspect the minutes of the Board's hearing just as he would any other public record of the city.

■ The Board argues that there are no minutes to furnish, despite the fact that Section 122 of the City Charter requires minutes to be kept. While it may well be

---

5. Texas Revised Civil Statutes, article 6252–17(2)k. [Emphasis added].

true that no minutes exist, we have held that the original closed deliberations held by the Board were in violation of the City Charter. If this matter is to be pursued further, the deliberations will have to be held again in compliance with the City Charter; and, in accordance with the judgment of the trial court, the Board should further comply with the City Charter by taking minutes at this meeting and by making them available for inspection as public records.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.