CITY OF ROBSTOWN, Appellant,

v.

**Joe VERASTEGUI, Appellee.**

**No. 13–99–022–CV.**

Court of Appeals of Texas, Corpus Christi.

June 24, 1999.

Carlos Villarreal, Barger, Hermansen, McKibben, Corpus Christi, for Appellant.

Hal George, Broyles & Pratt, Corpus Christi, for Appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and RODRIGUEZ.

## O P I N I O N

Opinion by Chief Justice ROBERT J. SEERDEN.

The City of Robstown appeals the trial court's summary judgment ordering Joe Verastegui reinstated as a municipal judge.

Verastegui filed the present action to declare that, by virtue of the inaction of the Robstown City Council, he retained his position as Municipal Court Judge for the City of Robstown beyond the date on which his term would normally expire.

The state statute providing for the term of office of a municipal judge states, in pertinent part, that "[a] municipal court judge who is not reappointed by the 91st day following the expiration of a term of office shall, absent action by the appointing authority, continue to serve for another term of office beginning on the date the previous term of office expired." TEX. GOV'T CODE ANN. § 29.005 (Vernon Supp. 1999).

Verastegui was appointed municipal judge on July 31, 1997, and his regular term expired on May 5, 1998. On July 31, 1998, within the 90–day window, the Robstown City Council voted to appoint Elisa Avila as municipal judge. However, because Avila is the sister of one of the council members,[1] her appointment violated prohibitions against nepotism and she never took office as municipal judge. *See* TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994).

■ Verastegui moved for, and the trial court granted, summary judgment on the grounds that Avila's appointment was void,

that the vote thereon did not amount to "action" by the city council, and therefore that he is entitled to serve another term of office as municipal judge as provided by section 29.005. We disagree.

■ The statute does not require the actual appointment of a successor, but only some "action" inconsistent with the retention of that office by the incumbent. By a letter opinion on a similar question, the Texas Attorney General has also concluded that the legislature intended any affirmative action taken by a city council to mean "action" for purposes of section 29.005. Op. Tex. Att'y Gen. No. 97–020 (1997). In that case, the city council voted to reject an incumbent municipal court judge without providing for a successor within the ninety-one day period. *Id.*

In the present case, regardless of whether Avila's appointment was void under the anti-nepotism statute, the Robstown City Council's vote to appoint her as municipal judge clearly amounted to an action inconsistent with Verastegui's continuing to hold that office. Accordingly, we conclude that the vote for Avila's appointment was sufficient to prevent Verastegui from holding over for another term, and we hold that Verastegui was not entitled to the relief granted by the trial court. We sustain the City's issues on appeal.

The judgment of the trial court is RE-VERSED and this case is REMANDED for further proceedings consistent with this opinion.

---

1. That member abstained from voting on Avi-    la's appointment.