NUMBER 13-99-090-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JUDGE RAUL DE ALEJANDRO, Appellant,


v.



CITY OF ROBSTOWN, SAM ARCINIEGA,

JESSE GUERRA, JR. AND EPI YSASSI, Appellees.

___________________________________________________________________


On appeal from the 117th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justice Seerden and Justices Chavez and Rodriguez



Opinion by Justice Chavez



 


 This is an appeal of a summary judgement granted in favor of
defendant for various claims in a wrongful discharge action. We affirm. 


 Appellant Raul de Alejandro filed suit against the City of Robstown
for wrongful discharge from his position as Municipal Court Judge and
for negligence under the Texas Tort Claims Act. De Alejandro also filed
suit against City Council Member Sam Arciniega, City Secretary Jesse
Guerra Jr., and City Attorney Epi Ysassi claiming defamation, intentional
infliction of emotional distress, and tortious interference with contract. 
Each claim arose out of de Alejandro's removal from office. 

 In his suit, de Alejandro alleged that he had suffered loss of salary,
termination of employment benefits, the loss of goodwill and standing
in the community, severe mental pain, frustration and disgust,
embarrassment, and humiliation. De Alejandro further alleged that he
was entitled to serve out a third two-year term as municipal judge, and
that the City wrongfully cut short his tenure. By six issues, de
Alejandro complains the trial court erred by granting the motion for
summary judgment. 

 The proper inquiry on appeal of summary judgment is whether the
appellant fulfilled his inital burden 1) to establish as a matter of law that
there remains no genuine issue of material fact as to one or more
essential elements of the plaintiff's cause of action or 2) to establish his
affirmative defense to the plaintiff's cause of action as a matter of law. 
Rhone-Poulenc, Inc. v. Kenda Steel, 997 S.W.2d 217, 222 (Tex. 1999). 
Since the appellee did not bring an affirmative defense to the court's
attention, we will look to see if there is any genuine issue of material
fact. In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the non-movant
must be taken as true, with every reasonable inference indulged in favor
of the non-movant, and any doubts resolved in his favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 549 (Tex. 1985). Once the
movant establishes an affirmative defense which would bar the suit as
a matter of law, the non-movant must then produce summary judgment
proof raising a fact issue in avoidance of the affirmative defense. 
Cameron County v. Carrillo, 7 S.W.3d 706, 711 (Tex. App.--Corpus
Christi 1999, no pet.).

 The summary judgment evidence reveals that de Alejandro was
a municipal court judge in the City of Robstown. In May of 1996, the
City Council voted down the mayor's nomination of de Alejandro to
serve a third term in the position, and at that time did not appoint any
person to replace him. De Alejandro continued to serve as municipal
judge for approximately ten months and drew a salary from the city. 
City officials, wishing to remove de Alejandro from office, sought an
opinion from the Attorney General to determine the significance of the
vote against his re-appointment. 

 On March 13, 1997, the Attorney General issued an opinion which
advised that the vote regarding de Alejandro's re-appointment for a
third term as Municipal Judge was sufficient action to revoke his tenure
under Texas Government Code section 29.005. Under the instructions
of then Acting Mayor Arciniega, City Secretary Guerra promptly
removed de Alejandro from office, under threat of arrest if he returned. 
Acting Mayor Arciniega, without the approval of the city council, took
over the office of Municipal Judge.

 The trial court correctly decided that the city council's rejection of
de Alejandro's reappointment was an "action" sufficient to prevent him
from serving another term. The resolution of the issue regarding
whether de Alejandro's tenure was revoked as municipal court judge
depends upon the interpretation of government code section 29.005,
which provides:

The judge of a municipal court serves for a term of office of
two years unless the municipality provides for a longer term
pursuant to Article XI, Section 11, of the Texas Constitution. 
A municipal court judge who is not reappointed by the 91st
day following the expiration of a term of office shall, absent
action by the appointing authority, continue to serve for
another term of office beginning on the date the previous
term of office expired.

Tex. Gov't Code Ann. § 29.005 (Vernon 1998). (Emphasis added.) The
city council was unsure whether, under this statute, it was allowed to
replace de Alejandro. The opinion instructed that under this law they
had terminated de Alejandro's tenure in office. Last year, in a very
similar case, we cited this Attorney General's opinion, now challenged
by appellant, and decided that, "[Government code section 29.005]
does not require the actual appointment of a successor, but only some
'action' inconsistent with the retention of that office by the incumbent." 
City of Robstown v. Verastegui, 995 S.W.2d 315, 316 (Tex. App.--Corpus Christi 1999, no writ). Our opinion remains the same. We
agree with the Attorney General's opinion that the vote not to reappoint
was "action by the appointing authority," as required by the statute. 
Op. Tex. Att'y. Gen. No. LO 97-020 (1997). 

 It is the duty of the Attorney General to give written legal advice
regarding questions that affect the public interest when submitted by
the chairman of a governing board such as the Robstown City Council. 
Tex. Gov't Code Ann. § 402.042(b)(9) (Vernon 1998). A court should not
give a different construction to an Attorney General's opinion unless it
is convinced that the Attorney General's Office is wrong. San Antonio
Union Junior College Dist. v. Daniel, 206 S.W.2d 995, 998 (Tex. 1947). 
An opinion of the Attorney General is entitled to great weight when it
is unclear whether a decision is correct without the opinion's guidance,
and the opinion has been acted upon. See Shepherd v. San Jacinto
Junior College Dist. 363 S.W.2d 742, 765 (Tex. 1962); see also Point
Isabel Indep. Sch. Dist. v. Hinojosa, 797 S.W.2d 176, 180 (Tex. App.--Corpus Christi 1990, writ. denied).

 The Attorney General's opinion provided the following explanation
for its conclusion: 

Based on the plain language of the statute, we believe that
rejecting the reappointment of the incumbent constitutes
"action" within the meaning of section 29.005. If the
legislature had intended the word "action" to be narrowly
construed, we believe that it would have so provided. In the
absence of language to the contrary, we conclude that the
legislature intended any affirmative action taken by a city
council to mean "action."


Op. Tex. Att'y. Gen. No. LO 97-020 (1997). Unless a word or phrase
has acquired a technical or particular meaning, it shall be read in
context and construed according to the rules of grammar and common
usage. Tex. Gov't Code Ann. § 311.011 (Vernon 1998). Merriam
Webster's defines "action" as, "a thing done"; "the bringing about of an
alteration"; and "the manner or method of performing." Merriam
Webster's Collegiate Dictionary 12 (10th ed. 1996). A vote by a
representative body, such as the one in question by the Robstown City
Council, easily fits within any of these definitions. We follow the
Attorney General's plain meaning interpretation of the law.

 De Alejandro asserts that the Attorney General's reading of section
29.005 conflicts with article XVI, section 17 of the Texas Constitution.(1) 
We disagree. When de Alejandro was not re-appointed, his term of
office expired. This section of the constitution refers to regularly elected
officers of the state, such as district judges, not to appointed officers of
the state. See Eades v. Drake, 332 S.W.2d 553, 558-59 (Tex. 1960) 
(applying article XVI, section 17 to vacancy in district judge seat). 
When de Alejandro was not re-appointed, his seat became vacant. He
had no right to the position after the city's decision not to appoint him
for another term and no cause of action for a wrongful discharge claim.

 The trial court did not err by granting the City's motion for
summary judgment on the negligence claim. Since de Alejandro had no
right to the position after the vote not to re-appoint him, he has suffered
no damages regarding lost wages or benefits. The only remaining
damages he claims regard emotional distress. There is no cause of
action for negligent infliction of emotional distress. See Boyles v. Kerr,
855 S.W.2d 593, 594 (Tex. 1993). We therefore affirm the summary
judgment in regards to de Alejandro's negligence claim.

 Further, the trial court did not err by granting the individual
appellees' motions for summary judgment on de Alejandro's intentional
infliction of emotional distress claim. The elements of the tort of
intentional infliction of emotional distress are: (1) the defendant acted
intentionally or recklessly; (2) the conduct was extreme and outrageous;
(3) the actions of the defendant caused the plaintiff emotional distress;
and (4) the emotional distress suffered by the plaintiff was severe. 
Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993).

 The "intent" element of this tort requires that the actors either
intend to cause severe emotional distress, or that severe emotional
distress be the primary risk created by the actor's conduct. Standard
Fruit & Vegetable Co., Inc., et. al. v. Johnson, 985 S.W.2d 62, 67 (Tex.
1993). Guerra, acting on the request of Arciniega, entered de
Alejandro's judicial chambers, threatened to arrest him, took his keys to
his office, and upon de Alejandro's disagreement about whether his
removal was under color of law, had him taken out of the court by the
chief of police. Any removal from office has the risk of causing
emotional distress. At most, Guerra acted recklessly as he removed de
Alejandro from an office he wrongfully held. 

 De Alejandro also complains that Ysassi, in his role as city
attorney, did not present cases before de Alejandro in the three weeks
prior to his removal. Docketing problems do not amount to emotional
distress. "Extreme and outrageous conduct" is conduct that goes
beyond all possible bounds of decency, is atrocious, and utterly
intolerable in a civilized community. Randall's Food Market v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). Ysassi's conduct in not appearing
in court for three weeks does not equate to outrageousness. Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). Appellant's fourth
issue is overruled.

 The trial court did not err by granting the individual appellees'
motions for summary judgment on appellant's defamation claim. To
maintain his cause of action, de Alejandro must prove that Guerra,
Arciniega, and Ysassi: (1) published a statement; (2) that the statement
was defamatory concerning de Alejandro; (3) while acting with actual
malice because de Alejandro at the time was a public figure. WFAA-TV,
Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998); see New York
Times v. Sullivan, 84 S.Ct. 710 (1964). De Alejandro directs us to no
defamatory statement made by Guerra, Arciniega, or Ysassi, and we
find none in the record. Appellant's fifth issue is overruled.

 The trial court did not err by granting the individual appellees'
motions for summary judgment on de Alejandro's claim of tortious
interference with a contract. As explained above, "Public office can be
properly described in terms of trust, duty, and public benefit, rather
than contract, employment, ownership, or possession." Guerro, 946
S.W.2d at 569. De Alejandro was an officer, not an employee of the
City; thus there was no contract with which Guerra, Arciniega, or
Ysassi could 

interfere. Appellant's sixth issue is overruled.

 The judgment is affirmed.

 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 8th day of June, 2000.

 


1. "All officers within this State shall continue to perform the
duties of their offices until their successors shall be duly qualified." 
Tex. Const. art. 16 § 17. (Vernon 1993).