In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00143-CV
______________________________


IN THE MATTER OF THE MARRIAGE OF
KERA GAYLE TRUSTY AND
MARK ALLEN TRUSTY AND
IN THE INTEREST OF TAYLOR JADE TRUSTY
AND TRAVIS ALLEN TRUSTY, CHILDREN
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 01D1481-CCL


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Mark Allen Trusty filed a notice of appeal from his divorce from Kera Gayle Trusty. 
The judgment was rendered August 4, 2003, and his notice of appeal was filed
NovemberÂ 3, 2003. Since that time, we have received nothing in connection with the
appeal. No docketing statement has been filed, the filing fee has not been paid, and no
portion of the record has been obtained. On January 7, we wrote to counsel, warning him
that, unless action was taken to prosecute the appeal with effect, ten days after the date
of the letter the appeal would be dismissed pursuant to Tex. R. App. P. 42.3(b),Â (c). We
have received no response.
Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â February 3, 2004
Date Decided:Â Â Â Â Â Â Â Â Â February 4, 2004




ily: Times New Roman">I. Mootness

 We are powerless to grant any relief in this matter that would afford any benefit to Fiske. 
The two-year term to which the JNC's recommended candidates were appointed has expired. The
City has now appointed new judges for all positions, and the term of office to which Fiske seeks
reinstatement has expired. Therefore, there is no declaration or judgment we could make that could
have the effect of restoring to Fiske what she lost allegedly because of the JNC's improper actions. 
Fiske did not seek damages in her suit. A declaratory judgment is proper only if it will have a
tangible effect on a litigant's rights, status, or legal relations; it is not appropriate if no person has an
interest that can be affected by the declaration sought. Nat'l Collegiate Athletic Ass'n v. Jones,
1Â S.W.3d 86 (Tex. 1990); Tex. Dep't of Pub. Safety v. LaFleur, 32 S.W.3d 911 (Tex.
App.--Texarkana 2000, no pet.).

 There are two recognized exceptions to the mootness doctrine, but neither of them can avail
Fiske here. The "capable of repetition, yet evading review" exception does not apply because Fiske
was not prevented from seeking immediate review of the City's actions. See Cornyn v. City of
Garland, 994 S.W.2d 258, 266 (Tex. App.--Austin 1999, no pet.). The "public interest" exception
is not applicable because it requires that the controversy involve a question of considerable public
importance. There is no summary judgment evidence that the status of Fiske as a result of alleged
violations of the TOMA by a judicial nominating commission is a question of considerable public
importance.

 Additionally on the mootness issue, Fiske contends she was a holdover judge under
SectionÂ 29.005 of the Texas Government Code and would have been entitled to holdover for a new
term if the city council did not act on new appointments within ninety-one days from the date the
vacancies arose. See Tex. Gov't Code Ann. § 29.005 (Vernon 2004). The applicable statute
provides:

 The judge of a municipal court serves for a term of office of two years unless
the municipality provides for a longer term pursuant to Article XI, Section 11, of the
Texas Constitution. A municipal court judge who is not reappointed by the 91st day
following the expiration of a term of office shall, absent action by the appointing
authority, continue to serve for another term of office beginning on the date the
previous term expired.

Id. This point is certainly moot. Fiske judicially admitted that her term expired on May 30, 2004. 
She also admitted, and the summary judgment evidence shows, that the city council took action on
August 25, 2004, to appoint new judges recommended by the JNC to all positions. Thus, the city
council took action to appoint the new judges within ninety-one days of the time the preceding terms
expired. Fiske, therefore, was not a holdover judge under Section 29.005 of the Texas Government
Code and could not be entitled to serve another term. See City of Robstown v. Verastegui, 995
S.W.2d 315 (Tex. App.--Corpus Christi 1999, no pet.).

II. The JNC's Status as a Governmental Body

 The trial court's summary judgment in this case was also proper because the conclusive
summary judgment evidence shows that the Dallas JNC was not a governmental body subject to the
TOMA. The Texas Open Meetings Act provides, among other things, that it applies to a
"Governmental Body." The Act defines "Governmental Body" as "a deliberative body that has
rulemaking or quasi-judicial power and that is classified as a department, agency, or political
subdivision of a county or municipality." Tex. Gov't Code Ann. Â§ 551.001(3)(D) (Vernon 2004).

 The JNC is a citizens advisory group set up to advise the city council as to persons qualified
and suited to serve as municipal judges. It is not a part of the city council; it is not a committee of
the city council; its members are not members of the city council; it has sixteen members, all but one
of whom are private citizens, each appointed by a single city council member in his private capacity;
the remaining member is the currently serving city attorney of Dallas. The JNC members are not
appointed by the city council or by the mayor. The JNC has no decision making authority, but can
only recommend candidates for judgeships to the city council.

 The summary judgment evidence conclusively shows that the JNC is not a governmental
body within the meaning and coverage of the TOMA because (1) it has no rulemaking power; (2)Â it
has no quasi-judicial power; (3) the JNC was not classified as a department, agency, or political
subdivision of a county or municipality. 

 Quasi-judicial power is defined in the cases as including (a) the power to exercise judgment
and discretion, (b) the power to hear and determine or to ascertain facts and decide, (c) the power
to make binding orders, (d) the power to affect personal or property rights of private persons, (e) the
power to examine witnesses, compel the attendance of witnesses, and hear the litigation of issues,
and (f) the power to enforce decisions or impose penalties. Parker v. Holbrook, 647 S.W.2d 692,
695 (Tex. App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.). The JNC has the power to exercise
judgment and discretion only in a limited advisory role in making recommendations. It has none of
the other functions amounting to quasi-judicial power.

 By the clear terms of the statute, the JNC was not a governmental body within the meaning
of the TOMA. See City of Austin v. Evans, 794 S.W.2d 78 (Tex. App.--Austin 1990, writ denied);
Op. Tex. Att'y Gen. No. H-467 (1974). Fiske relies on the cases of Finlan v. City of Dallas, 888
F.Supp. 779 (N.D. Tex. 1995), and Willman v. City of San Antonio, 123 S.W.3d 469 (Tex.
App.--San Antonio 2003, pet. denied), for her contention that the JNC is covered by the TOMA,
but both of these cases are easily and clearly distinguishable from this case. For example, in Finlan,
the sports development committee involved there was a committee of the city council, and its
members were appointed by the mayor. And in Willman, the committee involved was a city council
committee whose members were appointed by the city council.

 Fiske also contends that because the Dallas City Charter requires that "All official meetings
of the City Council and of all City Council committees must be open to the public as provided by
state law" (Dallas, Tex., Charter ch. III, Â§ 8) (emphasis added), the JNC was required to comply with
the TOMA. She cites Shackelford v. City of Abilene, 585 S.W.2d 665 (Tex. 1979), but that case does
not support her position. In that case, the court upheld Shackelford's right under the city charter, but
did not rule on his claim under the Open Meetings Act. Moreover, in our case, the JNC was not a
city council committee and therefore was not subject to the charter provision. Additionally, in this
case, Fiske did not sue for relief under the charter provision, only under the TOMA.

 There are additional reasons why the summary judgment rendered by the trial court in this
case must be upheld, but in view of our disposition of the preceding points, it is unnecessary to
discuss the others.

 We affirm the judgment of the trial court.

 


 William J. Cornelius

 Justice*


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: March 13, 2007

Date Decided: April 6, 2007

1. This case has been transferred to this Court as part of the Texas Supreme Court's docket
equalization program.