**Frieda FISKE, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

No. 06–06–00062–CV.

Court of Appeals of Texas, Texarkana.

Submitted: March 13, 2007.

Decided: April 6, 2007.

---

James C. Belt, Jr., Dallas, for appellant.

James B. Pinson, Barbara Rosenberg, Asst. City Attys., Dallas, for appellee.

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

Before CARTER, MOSELEY and CORNELIUS,* JJ.

## OPINION

WILLIAM J. CORNELIUS, Justice (Retired).

This is an action by Frieda Fiske, a former Dallas municipal judge, against the City of Dallas seeking reinstatement to her position as a city judge.[1] She alleged that the actions of the City's Judicial Nominating Commission, which failed to recommend her for appointment to a new term, were void because the commission violated provisions of the Texas Open Meetings Act (TOMA). The City filed a motion for summary judgment, which the trial court granted on all but one of the grounds raised in the motion.

Fiske had served as a Dallas municipal judge for approximately thirteen years, either in a full-time or a part-time capacity. On May 30, 2004, the Dallas City Council declared all municipal judge positions vacant. The city council had a citizens advisory commission (the JNC), which recommended to the city council persons for nomination to the vacant judge positions. The JNC met, received applications, and interviewed persons interested in receiving appointments to the vacant positions. The JNC reported to the city council those persons it recommended be appointed to fill the vacant positions. Fiske had applied for reappointment, but was not one of the persons the JNC recommended. The city council approved the JNC's recommendations and filled all vacant positions with the persons recommended. All of those judges have since served the full term to which they were appointed.

1. This case has been transferred to this Court as part of the Texas Supreme Court's docket equalization program.

Fiske contends that the actions of the JNC, and ultimately the action of the city council in failing to reappoint her are void or voidable at best because the JNC violated the TOMA by (1) failing to give proper specific notice of the meetings at which it considered its recommendations, and (2) failing to make and preserve written minutes or tape recordings of the proceedings at such meetings as required by the Texas Open Meetings Act (TOMA).

The City contended in its motion for summary judgment, and contends here, that (1) the JNC did not fail to give adequate specific notice of its meetings or fail to prepare and preserve written minutes or tape recordings of its meetings; (2) the JNC is not a governmental body within the meaning of the TOMA and therefore is not subject to that Act, and (3) the city council took action to fill the vacant positions within ninety-one days after Fiske's term expired, so Fiske did not become a holdover judge entitled to serve an additional term, and because the term to which Fiske seeks reinstatement has expired, this case is moot.

■ According to our summary judgment practice, a defendant moving for summary judgment is entitled to judgment if the undisputed summary judgment evidence establishes that one or more of the essential elements of the plaintiff's causes of action are conclusively disproved. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). The City filed a "no evidence" motion for summary judgment, and by amendment, also a "traditional" motion for summary judgment. *See* Tex.R. Civ. P. 166a(c), (i).

After reviewing the summary judgment evidence, we conclude that the trial court properly granted summary judgment for the City on at least two of the grounds raised in the City's motion.

## I. Mootness

■ We are powerless to grant any relief in this matter that would afford any benefit to Fiske. The two-year term to which the JNC's recommended candidates were appointed has expired. The City has now appointed new judges for all positions, and the term of office to which Fiske seeks reinstatement has expired. Therefore, there is no declaration or judgment we could make that could have the effect of restoring to Fiske what she lost allegedly because of the JNC's improper actions. Fiske did not seek damages in her suit. A declaratory judgment is proper only if it will have a tangible effect on a litigant's rights, status, or legal relations; it is not appropriate if no person has an interest that can be affected by the declaration sought. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 86 (Tex.1990); *Tex. Dep't of Pub. Safety v. LaFleur*, 32 S.W.3d 911 (Tex.App.-Texarkana 2000, no pet.).

■ There are two recognized exceptions to the mootness doctrine, but neither of them can avail Fiske here. The "capable of repetition, yet evading review" exception does not apply because Fiske was not prevented from seeking immediate review of the City's actions. *See Cornyn v. City of Garland*, 994 S.W.2d 258, 266 (Tex. App.-Austin 1999, no pet.). The "public interest" exception is not applicable because it requires that the controversy involve a question of considerable public importance. There is no summary judgment evidence that the status of Fiske as a result of alleged violations of the TOMA by a judicial nominating commission is a question of considerable public importance.

■ Additionally on the mootness issue, Fiske contends she was a holdover judge under Section 29.005 of the Texas Govern-

ment Code and would have been entitled to holdover for a new term if the city council did not act on new appointments within ninety-one days from the date the vacancies arose. *See* TEX. GOV'T CODE ANN. § 29.005 (Vernon 2004). The applicable statute provides:

> The judge of a municipal court serves for a term of office of two years unless the municipality provides for a longer term pursuant to Article XI, Section 11, of the Texas Constitution. A municipal court judge who is not reappointed by the 91st day following the expiration of a term of office shall, absent action by the appointing authority, continue to serve for another term of office beginning on the date the previous term expired.

*Id.* This point is certainly moot. Fiske judicially admitted that her term expired on May 30, 2004. She also admitted, and the summary judgment evidence shows, that the city council took action on August 25, 2004, to appoint new judges recommended by the JNC to all positions. Thus, the city council took action to appoint the new judges within ninety-one days of the time the preceding terms expired. Fiske, therefore, was not a holdover judge under Section 29.005 of the Texas Government Code and could not be entitled to serve another term. *See City of Robstown v. Verastegui*, 995 S.W.2d 315 (Tex.App.-Corpus Christi 1999, no pet.).

## II. The JNC's Status as a Governmental Body

■ The trial court's summary judgment in this case was also proper because the conclusive summary judgment evidence shows that the Dallas JNC was not a governmental body subject to the TOMA. The Texas Open Meetings Act provides, among other things, that it applies to a "Governmental Body." The Act defines "Governmental Body" as "a deliberative body that has rulemaking or quasi-

judicial power and that is classified as a department, agency, or political subdivision of a county or municipality." TEX. GOV'T CODE ANN. § 551.001(3)(D) (Vernon 2004).

The JNC is a citizens advisory group set up to advise the city council as to persons qualified and suited to serve as municipal judges. It is not a part of the city council; it is not a committee of the city council; its members are not members of the city council; it has sixteen members, all but one of whom are private citizens, each appointed by a single city council member in his private capacity; the remaining member is the currently serving city attorney of Dallas. The JNC members are not appointed by the city council or by the mayor. The JNC has no decision making authority, but can only recommend candidates for judgeships to the city council.

The summary judgment evidence conclusively shows that the JNC is not a governmental body within the meaning and coverage of the TOMA because (1) it has no rulemaking power; (2) it has no quasi-judicial power; (3) the JNC was not classified as a department, agency, or political subdivision of a county or municipality.

■ Quasi-judicial power is defined in the cases as including (a) the power to exercise judgment and discretion, (b) the power to hear and determine or to ascertain facts and decide, (c) the power to make binding orders, (d) the power to affect personal or property rights of private persons, (e) the power to examine witnesses, compel the attendance of witnesses, and hear the litigation of issues, and (f) the power to enforce decisions or impose penalties. *Parker v. Holbrook*, 647 S.W.2d 692, 695 (Tex.App.-Houston [1st Dist.] 1982, writ ref'd n.r.e.). The JNC has the power to exercise judgment and

**552**

discretion only in a limited advisory role in making recommendations. It has none of the other functions amounting to quasi-judicial power.

By the clear terms of the statute, the JNC was not a governmental body within the meaning of the TOMA. *See City of Austin v. Evans*, 794 S.W.2d 78 (Tex.App.-Austin 1990, writ denied); Op. Tex. Att'y Gen. No. H–467 (1974). Fiske relies on the cases of *Finlan v. City of Dallas*, 888 F.Supp. 779 (N.D.Tex.1995), and *Willmann v. City of San Antonio*, 123 S.W.3d 469 (Tex.App.-San Antonio 2003, pet. denied), for her contention that the JNC is covered by the TOMA, but both of these cases are easily and clearly distinguishable from this case. For example, in *Finlan*, the sports development committee involved there was a committee of the city council, and its members were appointed by the mayor. And in *Willmann*, the committee involved was a city council committee whose members were appointed by the city council.

Fiske also contends that because the Dallas City Charter requires that "All official meetings of the City Council and of all *City Council committees* must be open to the public as provided by state law" (Dallas, Tex., Charter ch. III, § 8) (emphasis added), the JNC was required to comply with the TOMA. She cites *Shackelford v. City of Abilene*, 585 S.W.2d 665 (Tex.1979), but that case does not support her position. In that case, the court upheld Shackelford's right under the city charter, but did not rule on his claim under the Open Meetings Act. Moreover, in our case, the JNC was not a city council committee and therefore was not subject to the charter provision. Additionally, in this case, Fiske did not sue for relief under the charter provision, only under the TOMA.

There are additional reasons why the summary judgment rendered by the trial court in this case must be upheld, but in view of our disposition of the preceding points, it is unnecessary to discuss the others.

We affirm the judgment of the trial court.