

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00879-CV

**CITY OF LEON VALLEY**,
Appellant

v.

Benny **MARTINEZ**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-08343
Honorable Peter Sakai, Judge Presiding

### OPINION ON MOTION FOR REHEARING

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Justice
    Patricia O. Alvarez, Justice
    Irene Rios, Justice

Delivered and Filed: November 18, 2020

REVERSED IN PART AND REMANDED

On August 19, 2020, we issued an opinion and judgment which dismissed this appeal for want of jurisdiction. Appellee Benny Martinez timely filed a motion for rehearing, and the City of Leon Valley filed a response. For the reasons given below, we deny Martinez's motion for rehearing, but we withdraw our opinion and judgment of August 19, 2020, and we substitute this opinion and judgment in their stead.

**BACKGROUND**

After the Leon Valley city council removed Benny Martinez from his elected office as city council member, Place 4, it appointed a replacement, who was sworn in. Martinez sued. In his declaratory judgment action, Martinez sought to be reinstated to Place 4. The City filed a plea to the jurisdiction; it argued that a quo warranto proceeding was Martinez's exclusive remedy. The trial court denied the plea, and the City appealed.

**REINSTATEMENT TO OFFICE CLAIM IS MOOT**

Martinez's original term of office was set to expire after the May 2, 2020 election for city councilors. Because of the COVID-19 pandemic, the city council voted to postpone the election until November 3, 2020, which extended the contested term until that date.[1]

When Martinez filed his declaratory judgment action seeking reinstatement, his term had not expired, and he presented a live controversy. However, as Martinez acknowledges in his motion for rehearing, when his term expires following the November 3, 2020 election, his action for reinstatement becomes moot. *See Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) ("Generally, a case is determined to be moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982))). And Martinez does not argue that any exception to the mootness doctrine applies.

---

[1] This court may, on its own motion, take judicial notice of adjudicative facts that "cannot reasonably be questioned." TEX. R. EVID. 201(b), (c); *In re Johnson*, 599 S.W.3d 311, 312 (Tex. App.—Dallas 2020, orig. proceeding). We take judicial notice of the City of Leon Valley's April 25, 2020 city council meeting record which shows the council voted to postpone the election until November 3, 2020. *Cf. City of El Paso v. Fox*, 458 S.W.3d 66, 72 (Tex. App.—El Paso 2014, no pet.) (taking judicial notice of city council's minutes on the city's website).

Because Martinez's term has expired, his action to be reinstated in office is now moot. *See Fiske v. City of Dallas*, 220 S.W.3d 547, 550 (Tex. App.—Texarkana 2007, no pet.); *cf. Riggins v. Richards*, 80 S.W. 524, 524 (Tex. 1904).

## COSTS AND ATTORNEY'S FEES

Nevertheless, Martinez's claim for attorney's fees is still a live controversy. *See Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 774–75 (Tex. App.—Dallas 2011, no pet.) (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005)); *Camarena*, 754 S.W.2d at 151) (applying *Allstate* and *Camarena* and concluding that "a case under the Declaratory Judgments Act remains a live controversy, even if all requests for substantive declaratory relief become moot during the action's pendency, as long as a claim for attorneys' fees under the Act remains pending").

## CONCLUSION

As previously noted, we deny Martinez's motion for rehearing, but we withdraw our opinion and judgment of August 19, 2020, and we substitute this opinion and judgment in their stead. We reverse the portion of the trial court's judgment denying the City's plea to the jurisdiction on Martinez's claim for reinstatement, and we dismiss the claim as moot.

We remand this cause to the trial court for it to determine whether to "award costs and reasonable and necessary attorney's fees as are equitable and just," if any. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

Patricia O. Alvarez, Justice