# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00293-CV

---

**Kara King, Mayor; Council Members Andrea Willott, Jon Cobb, Andrew Clark, Kevin Hight; and the City of Bee Cave, Appellants**

**v.**

**Bill Goodwin, Appellee**

---

**FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-20-003394, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is the second appeal to arise from a dispute over a seat on Bee Cave's city council. *See generally Goodwin v. Hohl*, No. 03-20-00433-CV, 2021 WL 6129001 (Tex. App.—Austin Dec. 29, 2021, no pet.) (mem. op.). Appellee Bill Goodwin was serving a two-year term of office as an elected member of city council when, on June 19, 2020, his fellow councilmembers unanimously voted to remove him from office for purported violations of Bee Cave's home-rule city charter (City Charter). He sued the City of Bee Cave (the City), its mayor, and the councilmembers (city officials) in Travis County district court, arguing that (1) when "properly construed," the City Charter does not authorize his removal; (2) the provisions relied upon for his removal are facially unconstitutional and unconstitutional as applied; (3) the removal violated his right to due process; and (4) his removal constitutes arbitrary and capricious governmental action. Finding Goodwin's first argument meritorious, the

district court rendered final judgment in his favor and enjoined the city officials "from interfering, based on the unlawful removal of Plaintiff Bill Goodwin from office on June 17, 2020, with Plaintiff Bill Goodwin exercising his authority, rights, duties and powers as a duly elected member of the City of Bee Cave Council [ ] to which he was elected as of May 12, 2020 and for the remainder of his term until May 12, 2022." Goodwin has filed a motion to dismiss for want of jurisdiction on the ground that there is no final judgment and a motion to expedite. Appellants have also filed a motion to dismiss, arguing that Goodwin's claims became moot at the expiration of his term. Because we agree, we will vacate the district court's judgment and dismiss the cause.

## BACKGROUND

Although we set forth the facts underlying this appeal in our earlier discussion of the dispute, *see generally id.*, for convenience we will summarize them here. Goodwin, at the time a sitting councilmember, was reelected to a two-year term on May 12, 2020. A month later, his fellow councilmembers voted unanimously to remove him for having allegedly violated provisions of the City Charter during his previous term in office. Specifically, councilmembers alleged that Goodwin had violated Section 4.02 of the City Charter, which stipulates that "[n]o member of the Council, including the Mayor, shall give orders to any subordinate of the City Manager, either public or privately." *See Bee Cave, Tex., City Charter* § 4.02 (2016). Goodwin had apparently sent certain emails regarding city council's approach to the nascent pandemic, and his fellow councilmembers believed those communications violated this provision. Thus, acting pursuant to Section 3.03(C)(2), which provides that a councilmember "shall forfeit office if that person . . . violates any express prohibition of this Charter," the councilmembers voted

2

to remove Goodwin from office.  *See id.*  The City then scheduled a special election for November 3, 2020, to find a replacement to serve the remainder of Goodwin's term.  But in August, with the registration deadline having passed and Courtney Hohl as the only candidate registered to appear on the ballot, the City declared Hohl duly elected to the seat.  She was sworn in on November 6, 2020.

Goodwin responded to these developments with two lawsuits.  First, Goodwin filed this suit against the city officials, alleging that they acted ultra vires in removing him from office by failing to comply with the City Charter and by violating his constitutional rights.  Then, while that case was pending before the trial court but before Hohl had taken her oath of office, Goodwin filed a second suit in Travis County district court, this time suing Hohl alone and seeking to try title to the contested seat and to "enjoin the City officials from interfering in Goodwin's full and complete exercise of the Council seat to which he was elected on May 12, 2020."  In lieu of an answer, Hohl filed a plea to the jurisdiction asserting that a claim to try title to the seat must be brought as a quo warranto action by the Attorney General or county or district attorney.  The district court sustained the plea the following day, dismissing Goodwin's suit with prejudice and rendering a take-nothing judgment against him, and we affirmed, holding that Goodwin had no standing to pursue what is, in substance, a quo warranto action. *See Hohl*, 2021 WL 6129001 at *3–4.

Meanwhile, the parties continued litigating this suit.  The city officials filed a plea to the jurisdiction, arguing that Goodwin could not overcome governmental immunity.  Goodwin supplemented his petition with an additional constitutional theory, namely that the provisions of the City Charter allegedly limiting councilmembers' right to free speech are vague or impermissibly overbroad.  He also filed a motion for summary judgment, urging the district court

3

to rule on what he characterized as pure questions of law predicated on "undisputed facts." Then, after Hohl was sworn into office in November, the city officials filed an amended plea to the jurisdiction, reasserting their original defense of governmental immunity but also arguing that, because Hohl had been sworn into office, the relief Goodwin sought could only be afforded through quo warranto. They also filed a "plea to res judicata," arguing that the dispute had been resolved in the earlier-filed lawsuit, which at that point was still pending before this Court, and a motion to dismiss under the Texas Tort Claims Act (TTCA), Tex. Civ. Prac. & Rem. Code § 101.106(e) (requiring dismissal of tort claims against government employees where plaintiff sues employer over "same subject matter").

After a hearing on the plea to the jurisdiction and the motion for summary judgment, the district court issued a letter ruling, which the city officials challenged with a motion for reconsideration, and then rendered final judgment. As relevant here, the judgment granted the motion for summary judgment; overruled the plea to the jurisdiction[1]; and denied the plea to res judicata, the TTCA motion, and the motion for reconsideration. The district court declined to reach the constitutional issues asserted in the motion for summary judgment but nevertheless held that the city officials' actions had been ultra vires in that they "were without legal authority under the Bee Cave Charter to remove Plaintiff Bill Goodwin from his office." The court then enjoined the city officials "from interfering, based on the unlawful removal of Plaintiff Bill Goodwin from office on June 17, 2020, with Plaintiff Bill Goodwin exercising his authority, rights, duties and powers as a duly elected member of the City of Bee Cave Council [ ] to which he was elected as of May 12, 2020 and for the remainder of his term until

---

[1] The district court sustained the plea only "to the extent" Goodwin had attempted to raise an ultra vires theory against the City itself, as opposed to the city officials.

May 12, 2022," and ordered the city officials "to desist and refrain from committing or continuing to commit acts in violation of the injunction." Appellants timely filed this appeal. Also pending before this Court are Goodwin's motions to dismiss for want of appellate jurisdiction and to expedite, and appellants' motion to dismiss this cause as moot.[2]

## APPELLATE JURISDICTION

We begin with Goodwin's motion to dismiss for want of appellate jurisdiction. *Dallas Area Rapid Transit v. Amalgamated Transit Union Loc. No. 1338*, 273 S.W.3d 659, 664 (Tex. 2008). Goodwin argues that we must dismiss the appeal because, while the challenged order is labeled "Final Judgment," the City and city officials refer to their appeal as interlocutory in their live (i.e., their second amended) notice of appeal. Although Goodwin "acknowledges that Appellants could file an ordinary appeal of the Final Judgment and thereby, appropriately, raise their objections to the trial court's interlocutory orders that merged with the Final Judgment," he contends "an interlocutory appeal is not the procedural vehicle by which to do so." In response to Goodwin's motion, the City and city officials insist that this cause is properly construed as interlocutory because: (1) they have a right to an interlocutory appeal from the district court's denial of their plea to the jurisdiction, *see* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8); (2) they have a right to interlocutory appeal from the district court's denial of their motion to dismiss under the TTCA, *see id*. § 101.106(e), (f); (3) the district court never

---

[2] We must address both motions to dismiss because the remedies for the alleged jurisdictional defects are different. If Goodwin is correct that the judgment is not final, we will simply dismiss the appeal for want of jurisdiction. *See, e.g.*, *Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 288 (Tex. App.—Fort Worth 2021, no pet.) ("Because the order is not final, we must dismiss this appeal for want of jurisdiction."). On the other hand, if the case has become moot, we must "vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012).

ruled on their arguments under Rule 162 once Goodwin waived his remaining claims, *see* Tex. R. Civ. P. 162; (4) the district court never resolved Goodwin's challenge to the constitutionality of the quo warranto statute and never informed the Attorney General of the challenge to that statute, *see* Tex. Gov't Code § 402.010; and (5) the district court implicitly decided the issue of title to the disputed council seat without joining Hohl as a jurisdictionally indispensable party, *see* Tex. R. Civ. P. 39.

Generally, "an appeal may be taken only from a final judgment." *Bonsmara Nat. Beef Co.v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). A judgment is final for purposes of appeal "if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93. In this case, the City and city officials appeal from judgment rendered June 24, 2021. The judgment is both labeled as "final" and states that it fully and finally disposes of all issues and claims before the district court, making it final under *Lehmann* for the purposes of appeal. Appellants nevertheless characterize their appeal as "interlocutory" because they want this Court to address several matters they believe predicate to final judgment, which they believe are either explicitly or implicitly resolved in the disputed judgment. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). But the fact that final judgment affords more or less relief than warranted renders it reversible, not necessarily interlocutory. *See Lehmann*, 39 S.W.3d at 204. In this case, the issues appellants seek to present are properly before this Court because the district court's treatment of those issues has merged into the final judgment from which the City and its officials have timely appealed. *See H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex. 1963) (per curiam); *cf. Surgitek,*

6

*Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (explaining that appellate courts look to substance of filing, not its title, to determine relief sought). We therefore deny Goodwin's motion to dismiss and dismiss as moot his motion to expedite.

Goodwin also argues in a "cross-point on jurisdiction" that the City has no standing to appeal because, as Goodwin characterizes it, the City was not "aggrieved" by a final judgment, and that regardless, Goodwin expressly waived all but his ultra vires theory, which can only be asserted against the officials. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009) (observing that ultra vires suits "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity"). "Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). To have standing, "a plaintiff must be personally aggrieved; his alleged injury must be concrete and particularized, actual or imminent, not hypothetical." *Finance Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 580 (Tex. 2013). Additionally, the plaintiff's injury must be "likely to be redressed by the requested relief[.]" *Heckman v. Williamson County*, 369 S.W.3d 137, 155 (Tex. 2012). Here, the district court's final judgment issues a permanent injunction expressly prohibiting the City itself from "interfering" with Goodwin's purported rights. Therefore, the judgment directly affects the City and the City's grievance would be redressed by the requested relief—a reversal of the entry of final judgment. Accordingly, the City has standing to appeal, and we reject Goodwin's argument to the contrary.

7

## MOOTNESS

Appellants have filed a motion to dismiss arguing that the appeal is moot. Texas courts may not decide moot controversies. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). The prohibition against deciding moot cases "is rooted in the separation-of-powers doctrine that prohibits courts from rendering advisory opinions." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). A case becomes moot when "a justiciable controversy no longer exists between the parties," the "parties no longer have a legally cognizable interest in the case's outcome," the "court can no longer grant the requested relief or otherwise affect the parties' rights or interests," or "any decision would constitute an impermissible advisory opinion." *Electric Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (citing *Harper*, 562 S.W.3d at 6). "A suit may become moot at any time, including on appeal." *Fairley*, 650 S.W.3d at 379 (citing *Heckman*, 369 S.W.3d at 166).

Appellants argue that the expiration of Goodwin's term in office moots this appeal because he no longer has a legally cognizable interest in the council seat. We agree with appellants that the case is moot because a decision from this Court can no longer restore Goodwin to the council seat. *See City of Leon Valley v. Martinez*, No. 04-19-00879-CV, 2020 WL 6748723, at *1 (Tex. App.—San Antonio Nov. 18, 2020, no pet.) (mem. op.) (holding, on similar facts, that claim for reinstatement to city council became moot with expiration of contested term in office); *Fiske v. City of Dallas*, 220 S.W.3d 547, 550 (Tex. App.—Texarkana 2007, no pet.) (holding that case is moot because "the term of office to which Fiske seeks reinstatement has expired" and "no declaration or judgment we could make that could have the effect of restoring to Fiske what she lost . . . .").

8

Goodwin responds that there is still a live controversy because of the possibility that the same action could occur again if he were to run for office in the future. He further argues that he continues to suffer "collateral consequences" from the publicity surrounding his removal from office. In other words, Goodwin is invoking two exceptions to the mootness doctrine. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006) (explaining collateral consequences exception); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (explaining "capable of repetition yet evading review" exception).

The "capable of repetition yet evading review" exception "applies only in rare circumstances." *Williams*, 52 S.W.3d at 184 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). To invoke the exception, the plaintiff must prove two elements: (1) that "the challenged action was too short in duration to be litigated fully before the action ceased or expired," and (2) that "a reasonable expectation exists that the same complaining party will be subjected to the same action again." *Id.* Assuming without deciding that Goodwin can establish the first element, he nevertheless would be unable to demonstrate a reasonable expectation that he might be subject to the same action again. *See State v. City of Austin*, No. 03-20-00619-CV, 2021 WL 1313349, at *6 (Tex. App.—Austin Apr. 8, 2021, no pet.) (mem. op.) ("The 'mere physical or theoretical possibility' that the same party may be subjected to the same action again is not sufficient to satisfy this element." (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982))). Goodwin submitted an affidavit averring that he intends to run for a seat on the Bee Cave City Council in the future. He emphasizes that "without a final decision on the authority of the Council to remove [him] from a new elected future term" for this—or any other—earlier

9

violation of the City Charter, "this whole scenario will play out again."[3] He further states that he "offered, via counsel, to drop this case if the Council will officially admit that the Bee Cave City Charter does not give the Council authority to remove a Council member from a current term of office for a Charter violation that was committed in a prior term of office" but the city officials rejected that offer. Goodwin characterizes this refusal as "evidence that it is likely that the Council will remove [him] from office if [he is] elected again." We disagree.

Even assuming that Goodwin might be elected to the council in the future, there is no evidence that the council would likely vote to remove him based on his conduct in previous terms of office. At most, Goodwin's affidavit establishes that the current members of the council—who would not necessarily still be in office—are unwilling to categorically rule out removing any councilmember for an alleged earlier violation of the City Charter. The affidavit is thus too speculative to show more than a theoretical possibility that appellants would subject him to the same action again, which is insufficient to satisfy the second element of the exception. *See Noteware v. Turner*, 576 S.W.3d 835, 843 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (holding that use of misleading ballot language not "capable of repetition" where challenger "presented no evidence that a similar discrepancy between the language of the proposed proposition and the ballot language [would] necessarily be present"); *Nehls v. Hartman Newspapers, LP*, 522 S.W.3d 23, 33 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)

---

[3] This affidavit is properly before us because we have the power "on affidavit or otherwise," to "ascertain the matters of fact that are necessary to the proper exercise of [our] jurisdiction." Tex. Gov't Code § 22.220(d); *see Chisholm Trail SUD Stakeholders Grp. v. Chisholm Trail Special Util. Dist.*, No. 03-18-00566-CV, 2020 WL 1281254, at *2 (Tex. App.—Austin Mar. 18, 2020, pet. denied) (mem. op.) (explaining that court of appeals "could only determine whether appeal was moot by considering evidence of matters occurring subsequent to trial court's order because '[m]ootness is a matter that ordinarily arises after the rendition of the judgment or order appealed from'" (quoting *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied))).

("Hartman's bare contention that there is a possibility of a future violation by appellants does not establish that a reasonable expectation exists that Hartman will be subjected to the same action again.").

We similarly reject Goodwin's collateral-consequences argument. That exception applies only to "narrow circumstances when vacating the underlying judgment will not cure the adverse consequences suffered by the party seeking to appeal that judgment." *Marshall*, 198 S.W.3d at 789. Such circumstances exist when, "as a result of the judgment's entry," (1) "concrete disadvantages or disabilities have in fact occurred, are imminently threatened to occur, or are imposed as a matter of law," and (2) "the concrete disadvantages and disabilities will persist even after the judgment is vacated." *Id.* Significantly, the exception applies only where prejudicial events have occurred "whose effects continued to stigmatize helpless or hated individuals." *General Land Off. of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990).

The exception does not apply here. Goodwin argues that he "is stigmatized and bears the scar on his reputation as having been removed from office." He also avers that without judicial intervention "voters may not vote for [him] in the future." Nevertheless, other than self-serving, unsupported statements like these, he has produced no evidence of the "stigma," "helpless[ness]," or "hat[red]" that ordinarily enables a litigant to avail himself of the collateral-consequences exception to mootness. *See id.*; *see also Kitchen v. Lutcavage*, No. 03-19-00421-CV, 2020 WL 3468147, at *1 (Tex. App.—Austin June 24, 2020, no pet.) (mem. op.) ("The 'collateral consequences' exception is applied when prejudicial events have occurred and the effects continue 'to stigmatize individuals long after the judgment has ceased to operate.'" (quoting *Clements v. Haskovec*, 251 S.W.3d 79, 84 (Tex. App.—Corpus Christi–

11

Edinburg 2008, no pet.))); *cf. Phillips v. Phillips*, 651 S.W.3d. 112, 116 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (explaining that courts apply this exception to review expired protective order "based on a finding of family violence because the 'effects of a protective order carry significant collateral legal repercussions and a social stigma.'" (quoting *State for Prot. of Cockerham v. Cockerham*, 218 S.W.3d 298, 303 (Tex. App.—Texarkana 2007, no pet.))).

We conclude that the expiration of Goodwin's term in office rendered this case moot and that no exception to mootness applies. "If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." *Heckman*, 369 S.W.3d at 162. We therefore do not reach appellants' remaining issues. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

## CONCLUSION

We deny Goodwin's motion to dismiss for want of appellate jurisdiction. We grant appellants' motion to dismiss, vacate the district court's judgment, and dismiss the case for want of jurisdiction. *See id.* R. 43.2(e); *Heckman*, 369 S.W.3d at 162.

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith
  Dissenting Opinion by Justice Baker

Vacated and Dismissed

Filed:  October 14, 2022