## DILLARD TEXAS OPERATING LIMITED PARTNERSHIP, L.P., Appellant,

v.

## CITY OF MESQUITE, Texas & Allied Waste Systems, Inc. d/b/a Trinity Waste Services, Inc., Appellees.

No. 05–03–01837–CV.

Court of Appeals of Texas, Dallas.

May 27, 2005.

Rehearing Overruled Aug. 11, 2005.

Clifton T. Hutchinson, Hughes & Luce, L.L.P., Evan S. Tilton, Dallas, for appellant.

Cynthia Hollingworth, Gardere, Wynne, Sewell, L.L.P., James R. Jordan, Shannon, Gracey, Ratliff & Miller L.L.P., Dallas, for appellees.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice BRIDGES.

Dillard Texas Operating Limited Partnership, L.P. appeals the trial court's grant of the plea to the jurisdiction in its case against the city of Mesquite, Texas and Allied Waste Systems, Inc. d/b/a Trinity Waste Services, Inc. ("Trinity"). We conclude that Dillard's had standing to assert its suit seeking a declaratory judgment that Mesquite violated its charter by granting Trinity exclusive rights to haul commercial waste. Thus, the trial court had subject-matter jurisdiction, and the grant of the plea to the jurisdiction was in error.

### Facts

Dillard's owns department stores throughout the Dallas–Fort Worth area, including one at Town East Mall in the city of Mesquite. Since before 1996, Trinity or its predecessor hauled containerized waste for Dillard's pursuant to a contract between the two commercial parties. In 1996, the city of Mesquite executed a contract with Trinity (the "Agreement") providing that Trinity would be the exclusive contractor to collect and dispose of containerized waste from businesses within the city.

Dillard's eventually became dissatisfied with Trinity's services and contracted with Express Waste to serve its stores. In September 2002, Express Waste began hauling waste from the Dillard's store in Mesquite. In January 2003, Mesquite demanded that Dillard's contract with Trinity, pursuant to an ordinance.[1] The city demanded that Dillard's contract with Trinity, as the "sole contract holder with rights to all commercial solid waste accounts within the City." In May 2003, Mesquite passed Ordinance No. 3576 (the "Ordinance") making it a misdemeanor for any commercial entity to fail to contract with the city or "a company contracting with the city," for the removal of commercial solid waste. If Dillard's did not comply, it faced fines of up to $2,000 per occurrence.

Dillard's sued the city under the Declaratory Judgment Act, challenging the validity of the Agreement. TEX. CIV. PRAC. & REM.CODE ANN. § 37.001–.011 (Vernon 1997). It also sought to enjoin the city from compelling it to contract with Trinity. Dillard's also sued Trinity for tortious interference with the contract between Dillard's and Express Waste. Mesquite filed a plea to the jurisdiction, setting forth a number of grounds. After an evidentiary hearing, the trial court granted Mesquite's plea. The trial court's order dismisses Dillard's case "for want of subject-matter jurisdiction" but does not state reasons. Dillard's brought this interlocutory appeal.

### The Parties' Arguments

Section 18(3) of the Mesquite city charter states, "No franchise grant shall ever be exclusive." In its petition, Dillard's requested a judicial declaration that (1) the Agreement is an "exclusive franchise" that

---

1. Ordinance No. 3391, which was effective at the time, states, "The collection of trash, yard waste or solid waste within the City by any person other than the City or a company contracting with the City for waste collection is prohibited."

violates the city charter,[2] and (2) the Agreement is void on its face and of no effect because it violates the charter. Mesquite and Trinity assert that the trial court lacks subject-matter jurisdiction because Dillard's does not have standing. Specifically, they argue that Dillard's has not incurred a "particularized injury" or harm that is distinct from any allegedly incurred by the general public.

**Legal Principles**

Because the question of standing is a legal question, we review de novo a trial court's ruling on a plea to the jurisdiction. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). Standing is a component of a court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). The plaintiff has the burden of alleging facts that affirmatively demonstrate a court's jurisdiction to hear a cause. *Id.* A plea to the jurisdiction challenges a trial court's authority to hear a case by alleging that the factual allegations in the plaintiff's pleadings, when taken as true, fail to invoke the trial court's jurisdiction. *El Paso Cmty. Partners v. B & G/Sunrise Joint Venture,* 24 S.W.3d 620, 623 (Tex.App.-Austin·2000, no pet.) (citing *Bybee v. Fireman's Fund Ins. Co.,* 160 Tex. 429, 331 S.W.2d 910, 917 (1960)). Dismissing a cause of action based on a plea is proper only when incurable jurisdictional defects are shown on the face of the plaintiff's pleadings. *Id.*

In reviewing a trial court's order dismissing a cause based on a plea to the jurisdiction, we construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Tex. Air Control Bd.,* 852 S.W.2d at 446. The court may consider

evidence, and must do so when necessary to resolve jurisdictional issues, but the court should confine itself to the evidence relevant to the jurisdictional issue. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000).

The standing requirement limits subject-matter jurisdiction to cases involving a distinct injury to the plaintiff and a real controversy between the parties that will be actually determined by the judicial declaration sought. *Brown v. Todd,* 53 S.W.3d 297, 305 (Tex.2001). A plaintiff must allege personal injury "fairly traceable" to the defendant's allegedly unlawful conduct and "likely to be redressed by the requested relief." *Id.* (citation omitted).

To establish standing, a plaintiff must establish that he has an individual interest in a conflict that is distinct from the interest of the general public, such that the defendant's actions have caused the plaintiff particular injury. *Williams v. Lara,* 52 S.W.3d 171, 178 (Tex.2001) (citing *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex. 1984)). In taxpayer cases, the general rule requiring the taxpayer-plaintiff to show "particularized harm," distinct from harm to the public at large, is in keeping with policy reasons for restricting taxpayer lawsuits. *See Bland,* 34 S.W.3d at 555–56 (further explaining justification for broader grant of standing under exception in taxpayer suits). In a case involving an open-meetings provision, the court refused to construe the "particularized harm" requirement narrowly. *Shackelford v. City of Abilene,* 585 S.W.2d 665 (Tex.1979). Shackelford sought an injunction against the City of Abilene concerning closed meetings of an appointed board, which al-

2. It is undisputed that the Agreement grants exclusive rights to Trinity, but whether the Agreement is an "exclusive franchise" prohibited under the charter is disputed. That question goes to the merits of the case. In this opinion, we do not address, nor do we intend any comment on, the merits of this case.

legedly violated the city charter's provision requiring open meetings. The court held that Shackelford had standing, stating that "as a citizen of Abilene and a member of the public" he had a right to attend any meeting of the board and to enjoin any such meeting that might be closed in violation of the charter. *Id.* at 668.

### Analysis

 The Agreement affects commercial generators of waste in Mesquite in particular and not the public in general. Further, Mesquite explicitly took measures to compel Dillard's to deal exclusively with Trinity as the sole holder of rights to commercial waste accounts. Following the guidance of *Shackelford,* we conclude that Dillard's has established standing. Dillard's has alleged a particularized injury that is fairly traceable to Mesquite's alleged unlawful conduct in agreeing to make Trinity the exclusive commercial waste hauler in the city. *See Brown,* 53 S.W.3d at 305.

Trinity also argues that the controversy is not justiciable, because the judicial declaration Dillard's seeks will not likely redress the injury alleged. Trinity argues that the "injury" Dillard's seeks to redress is its inability to choose its own waste hauler. It argues that the Ordinance prohibits such private contracting, and thus Dillard's "injury" will not be redressed. While Dillard's may have voiced its desire to choose its own waste hauler, that does not address the redressable-injury requirement. Dillard's seeks a judicial declaration that the Agreement is void, and therefore of no effect. If the Agreement is void, then Trinity has no "contract with the City" under the Ordinance, and Mesquite cannot compel Dillard's to contract with Trinity as the sole holder of rights to haul commercial waste in Mesquite. Dillard's states an injury that is likely to be redressed by the declaration it seeks. Thus, Dillard's has standing and the trial court has subject-matter jurisdiction.

We need not reach the issue of governmental immunity, as Mesquite does not pursue that issue on appeal. Mesquite's and Trinity's statute of limitations defenses are not before the court. Dillard's does not pursue on appeal any issues concerning its request below for an injunction. Resolving the jurisdictional issue as we do, we need not reach Dillard's issue concerning the trial court's refusal to permit Dillard's to amend its pleadings.

Accordingly, we **REVERSE** the trial court's grant of the plea to the jurisdiction and **REMAND** for further proceedings.