Opinion issued March 8, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00914-CV

———————————

Francisco Barajas, Appellant

V.

Maria
Angelica Lopez Santiago, Appellee



 



 

On Appeal from the 245th District Court

Harris County, Texas



Trial Court Case No. 2010-17531

 



 

MEMORANDUM OPINION

          Appellant,
Francisco Barajas, appeals the trial court’s dismissal of his petition seeking
a divorce from appellee,
Maria Angelica Lopez Santiago, and seeking a division of assets and an order
establishing child custody and support.  In his sole issue, he argues that the trial
court erred in dismissing his case.

We affirm.

                                                                                                                                                                
Background

On March 17, 2010, Francisco filed a petition for divorce
to terminate his marriage to Maria.  The
petition stated that Francisco and Maria married on October 1, 1995, and that
they ceased to live together as husband and wife on November 1, 1998.  Francisco sought a divorce on the ground that
the “marriage has become insupportable because of discord or conflict of
personalities.”  

He also alleged that he and Maria had one minor child, F.B.L.,
a son born April 21, 1996.  He sought to
be appointed as a joint managing conservator of F.B.L. and requested that he be
named as the parent retaining the right to determine the residency of the
child.  He sought visitation and access
to F.B.L. in accordance with the standard possession order as defined in the
Family Code, and he requested that child support and health insurance be
ordered consistent with the Family Code.

Francisco indicated that his primary address is in Houston
and that Maria’s address is in Mexico. 
He also indicated that F.B.L. was born in Mexico, but he did not provide
any information regarding the current or past residence of the child.

Maria filed a waiver of service, including a statement
that she “enter[ed] [her]
appearance in this case for all purposes.” 
The waiver of service indicated that her current residence is in Mexico.  Maria did not file an answer or any other
document in this case.[1]

On August 20, 2010, the trial court signed an order
dismissing the case, noting that the “child was never in the U.S. and is still
not in the U.S.”[2]

In his appellate brief, Francisco asserts that Maria’s
waiver of service also extended to the minor child, F.B.L., whom he
acknowledges resides in Mexico with Maria, and that Maria had accepted child
support payments from him “on a monthly basis.” 
However, these facts do not appear in the record of the case.

                                                                                                                                                                  
Jurisdiction

Francisco argues in his sole issue that the trial court
erred in refusing to adjudicate the divorce proceeding and dismissing it for
want of prosecution.  He also argues that
the trial court had jurisdiction to consider the case under Family Code section
152.201(a)(4). 
We begin by considering whether the trial court had jurisdiction to
consider the divorce and initial child custody determination.

To maintain a suit for divorce in Texas, either the
petitioner or the respondent must have been a domiciliary of this state for the
preceding six months at the time the suit was filed and a resident of the
county in which the suit was filed for the preceding 90-day period.  Tex. Fam. Code Ann. § 6.301 (Vernon
2006).  Any suit for
the dissolution of a marriage must include a suit affecting the parent-child relationship
if the parties are also parents of a minor child.  Id. § 6.406 (Vernon 2006). 
Section 152.201 is the exclusive jurisdictional basis for the making of a
child custody determination by a court of this state.  See id.
§ 152.201(b) (Vernon 2008); Seligman-Hargis
v. Hargis, 186 S.W.3d 582, 586 (Tex. App.—Dallas 2006, no pet.).

Section 152.201(a) provides that a Texas court has
jurisdiction to make an initial child custody determination only if:

(1)    
this state is the home state of the child on the
date of the commencement of the proceeding, or was the home state of the child
within six months before the commencement of the proceeding and the child is
absent from this state but a parent or person acting as a parent continues to
live in this state;

 

(2)    
a court of another state does not have
jurisdiction under Subdivision (1), or a court of the home state of the child
has declined to exercise jurisdiction on the ground that this state is the more
appropriate forum under Section 152.207 or 152.208 . . . ;

 

(3)    
all courts having jurisdiction under Subdivision
(1) or (2) have declined to exercise jurisdiction on the ground that a court of
this state is the more appropriate forum to determine the custody of the child
under Section 152.207 or 152.208; or

 

(4)    
no court of any other
state would have jurisdiction under the criteria specified in Subdivision (1),
(2), or (3).

 

Tex.
Fam. Code Ann. §
152.201(a).  A
child’s “home state” is “the state in which a child lived with a parent or a
person acting as a parent for at least six consecutive months immediately
before the commencement of a child custody proceeding.”  Id. § 152.102(7) (Vernon 2008).  For purposes of jurisdiction over initial
child custody determinations, a foreign country is treated “as if it were a
state of the United States.”  Id. § 152.105(a) (Vernon
Supp. 2011).

          Here,
Francisco’s pleadings and affidavits fail to give any information regarding F.B.L.’s
present address or whereabouts, the places where F.B.L. has lived during the
last five years, or the names and present addresses of the persons with whom F.B.L.
has lived during that period.  See id.
§ 152.209(a) (Vernon 2008) (requiring parties to provide information
regarding child’s residence and custody arrangements).  Maria filed no pleadings, motions, affidavits,
or other evidence.  However, the trial
court found, and Francisco acknowledges in his appellate brief, that F.B.L. does
not currently and has not ever lived in Texas. 
Rather, he lives in Mexico with Maria.

          It
is undisputed that section 152.201(a)(1) does not confer subject matter
jurisdiction here, as Texas was not F.B.L.’s home state on the date the
proceeding commenced or for the six months before the proceeding
commenced.  See id. § 152.201(a)(1).  Nothing in the record indicates that “a court
of another state does not have jurisdiction under Subdivision (1), or a court
of the home state of the child has declined to exercise jurisdiction” over the
custody determinations Francisco sought. 
See id. § 152.201(a)(2).  Nor does the
record support a conclusion that “all courts having jurisdiction under
Subdivision (1) or (2) have declined to exercise jurisdiction” or that “no
court of any other state would have jurisdiction” under the specified
criteria.  See id. § 152.201(a)(3)–(4).

Thus, Francisco failed to meet his burden of establishing
that the trial court had subject matter jurisdiction over the child custody
determination.  See Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993) (holding that burden to establish
subject matter jurisdiction lies with party initiating suit); Seligman-Hargis, 186 S.W.3d at 585
(“The party seeking to invoke the trial court’s jurisdiction has the burden to
allege facts that affirmatively demonstrate a court’s authority to hear a
case.”).

Francisco argues that the trial court had jurisdiction
under section 152.201(a)(4) because Mexico would not
be able to exercise jurisdiction over this case.  He cites the Uniform Interstate Family
Support Act (“UIFSA”) to support this claim. 
See Tex. Fam. Code Ann. §§ 159.001–.901 (Vernon 2008 & Supp. 2011) (governing procedures
nationwide for establishing, enforcing, and modifying child support orders).  However, the UIFSA is inapplicable to the
jurisdictional issue before this Court. 
Section 152.201 provides the exclusive jurisdictional basis for making a
child custody determination by a court of this state.[3]  See id.
§ 152.201(b); Seligman-Hargis, 186 S.W.3d at 586.  Francisco
has failed to satisfy its conditions.  Furthermore,
under section 152.201, Mexico is considered F.B.L.’s home state if that is
where he has “lived with a parent . . . for
at least six consecutive months immediately before the commencement of a child
custody proceeding.”  See Tex.
Fam. Code Ann. § 152.102(7); see also id. § 152.105(a) (providing
that foreign country is treated “as if it were a state of the United States”
for purposes of section 152.201).  Thus,
Francisco has failed to demonstrate that no court of any other state would have
jurisdiction as required by section 152.201(a)(4).

Francisco also argues that Maria’s waiver of service, in
which she entered an appearance in the case “for all purposes,” waived any
grounds for dismissal based on lack of subject matter jurisdiction.  He also argues that the trial court was
required to provide him with notice before dismissing his case.  We disagree. 
A general appearance, as Maria’s waiver of service purports to be, entered
before a special appearance, waives objections to personal jurisdiction.  See Tex. R. Civ. P. 120, 120a; Boyd
v. Kobierowski, 283 S.W.3d 19, 21 (Tex. App.—San
Antonio 2009, no pet.) (citing Kawasaki Steel Corp. v. Middleton, 699
S.W.2d 199, 201 (Tex. 1985) (per curiam)).  Subject
matter jurisdiction, however, refers to “the court’s power to decide a
case.”  Kendall v. Kendall, 340 S.W.3d 483, 495
(Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
553–54 (Tex. 2000)).  A
court must possess both subject matter jurisdiction over a case and personal
jurisdiction over a party to issue a binding judgment. [4]  CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996).  As such, subject matter jurisdiction cannot
be waived and can be raised at any point in a proceeding.  Kendall,
340 S.W.3d at 495; see also
Seligman-Hargis, 186 S.W.3d at 585 (“[I]t is well settled that subject
matter jurisdiction cannot be conferred by consent, waiver, or estoppel.”).  

          We
conclude that the above stated grounds support the trial court’s dismissal of
Francisco’s case, and we need not determine whether the trial court could have
dismissed his case for want of prosecution.

          We
overrule Francisco’s sole issue.

                                                                                                                                                                   
Conclusion

We affirm the order of the trial court dismissing this
case for lack of subject matter jurisdiction without prejudice to refiling.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel consists of Justices Keyes, Bland, and
Sharp.











[1]           Maria has not filed an appellee’s
brief.  She was notified by this Court
that her brief was past due and that failure to file it would result in the
consideration of the case without her brief.

 





[2]           The docket sheet of the trial court
indicated that the case was originally set for July 15, 2010, but contained the
notation that the case was reset to July 29, 2010 “for proof of service or
DWOP.”  There is no notation next to the
date “July 29, 2010.”  The next entry, on
August 16, 2010, states, “DWOP-child never in the U.S. and is still not in the
U.S.”





[3]           Francisco also cites In re V.L.C., 225 S.W.3d 221 (Tex.
App.—El Paso 2006, no pet.), to support his contention that a Mexican court
would not have jurisdiction over this case. 
However, V.L.C. is
distinguishable from the present case because the parties in V.L.C. did not dispute that the trial
court had jurisdiction to decide the custody and visitation issue in that case
under section 152.201.  225 S.W.3d at 226. 
Likewise, the other case upon which Francisco relies, Flores v. Melo-Palacios,
921 S.W.2d 399 (Tex. App.—Corpus Christi 1996, writ denied), is factually
distinguishable because it involves a trial court’s dismissal of a suit to
register, enforce, or modify a Mexican child support order, or alternatively,
to establish a Texas order for child support. 
921 S.W.2d at 403.  Here, Francisco is seeking an initial custody
determination as governed by Family Code section 152.201, a statute that was
enacted after Flores was
decided.  See Powell v. Stover, 165 S.W.3d 322, 325 (Tex. 2005) (stating that
Chapter 152 was adopted in 1999).

 





[4]           We note that although Francisco argues
that the trial court had personal jurisdiction over Maria as a result of her
waiver of service and he phrases his issue as a complaint that the trial court
“erred when it refused to adjudicate the divorce proceeding,” he does not argue
that the trial court should have exercised its discretion to consider the
divorce portion of his case even though it lacked subject matter jurisdiction
over the child custody determination.  See Tex.
Fam. Code Ann. § 6.308(a) (Vernon 2006) (providing that court where suit
for dissolution of marriage is filed “may exercise its jurisdiction over those
portions of the suit for which it has authority”); Boots v. Lopez, 6 S.W.3d 292, 294 (Tex. App.—Houston [14th Dist.]
1999, pet. denied) (holding language of section 6.308 is discretionary, not
mandatory and, therefore, it is within trial court’s discretion whether to
exercise partial jurisdiction over case). 
By failing to provide any argument, authority, or citations to the
record on this issue, Francisco waives any argument that the trial court abused
its discretion by refusing to exercise its partial jurisdiction over the
portion of his case seeking a divorce.  See Tex.
R. App. P. 38.1(i); Esse v. Empire Energy III, Ltd., 333 S.W.3d 166, 180 (Tex. App.—Houston
[1st Dist.] 2010, pet. denied) (holding that failure to present legal argument
or authority in support of claim constitutes inadequate briefing and waives
claim).