# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00575-CV

Helen Janey Chandler, Appellant

v.

Jeremy Warden Strong, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 253,941-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2009, appellee Jeremy Warden Strong filed for divorce from appellant Helen Janey Chandler in Bell County. The parties, both of whom were at the time on active duty in the military, were represented by counsel and participated in mediation. In May 2011, the trial court signed an agreed final decree of divorce, dividing the community estate and entering orders related to the custody of their three-year-old son C.W.S. About six months later, Chandler filed a Petition for Bill of Review, alleging that the trial court lacked jurisdiction over C.W.S. and seeking to have the decree's provisions related to child support, custody, and visitation declared void. The trial court held a hearing, heard Chandler's testimony, and denied her request to declare the decree void.[1]

---

[1] The facts are well-known to the parties, and we therefore will not recite them in detail in this opinion. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

Chandler appeals, arguing that the trial court lacked jurisdiction over the divorce proceeding; that the portions of the decree related to conservatorship of and visitation with C.W.S. were void; and that the court abused its discretion in not declaring those provisions of the decree void. As supporting authority, she cites to *Seligman-Hargis v. Hargis*, 186 S.W.3d 582 (Tex. App.—Dallas 2006, no pet.). However, in *Hargis*, the mother brought a direct appeal from the trial court's refusal to dismiss the father's custody and divorce suit, and the record established that a court in Germany had already entered orders giving the mother the right to establish the children's residence. *Id.* at 584-85. Further, the father's pleadings on their face did not establish jurisdiction under the Uniform Child Custody Jurisdiction Enforcement Act[2]; the father did not file an affidavit establishing the children's place of residence in the preceding five years; and the mother did file such an affidavit, establishing that the children had lived in Germany for the five years preceding the filing of suit and had never lived in Texas. *Id.* at 586.

Here, on the other hand, Chandler brings a collateral attack against the agreed divorce decree. Thus, although subject-matter jurisdiction cannot be waived and can be raised at any time, Chandler must overcome a presumption that the original decree is valid, and the record must affirmatively reveal the jurisdictional defect. *See Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (unless record negates jurisdiction, law "'conclusively presumes that such facts were established before the court when such judgment was rendered'" (quoting *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944))); *In re K.M.P.*, 323 S.W.3d 601, 603 (Tex. App.—Austin 2010, pet. denied) (same); *see also In re Shurtz*, No. 03-11-00547-CV, 2011 Tex. App. LEXIS 10245, at *7-8 (Tex.

---

[2] *See* Tex. Fam. Code §§ 152.001-.317.

2

App.—Austin Dec. 30, 2011, orig. proceeding) (mem. op.) ("If the record in the underlying cause does not negate the existence of facts authorizing the court to render the judgment, the law conclusively presumes that such facts were established before the court when such judgment was rendered."). We are "limited to determining whether the record in the initial custody determination affirmatively and conclusively negates the existence of jurisdiction," "consider[ing] only the face of the record." *Shurtz*, 2011 Tex. App. LEXIS 10245, at *8. It is not sufficient for Chandler to show that Strong's petition alleged insufficient jurisdictional facts, she must show that the record from the divorce proceeding affirmatively and conclusively negates the court's jurisdiction. *See id.* at *14-15.

The only record from the divorce proceeding provided here is the decree itself, and it appears that neither party filed a pleading or affidavit providing the child's residence information. *See* Tex. Fam. Code § 152.209 (unless each party lives in Texas, parties shall provide information about child's current address and residences during past five years).[3] The decree recites that Strong's pleadings "contain all the allegations, information, and prerequisites required by law"; that the court,

---

[3] Chandler attached the parties' divorce pleadings to her brief, but those pleadings were not made part of the record and are therefore not a part of our review. *See Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (appellate court must determine case on record as filed and cannot consider exhibits or appendices attached to briefs). We note, however, that both Strong's petition and Chandler's counter petition alleged that the filing party "has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period," and thus there was nothing in the pleadings that would make the trial court think a section 152.209 affidavit was required. *See* Tex. Fam. Code § 152.209 ("*unless each party resides in this state*, in a child custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information" as to child's current address and residences during past five years (emphasis added)). Chandler attached to her bill of review petition an affidavit stating that C.W.S. was born in Korea and lived with Chandler all his life, first in Korea and then in California and Alabama, and that he is a resident of Alabama. However, that affidavit was prepared for and filed in the bill of review proceeding, not the divorce proceeding.

"after receiving evidence, finds that it has jurisdiction of this case and of all the parties"; that at the time Strong filed his divorce petition, he "had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period"; and that Texas is C.W.S.'s home state.

Chandler has not shown that the face of the record before the trial court when it rendered the divorce decree affirmatively and conclusively negated the court's subject-matter jurisdiction. *See Alfonso*, 251 S.W.3d at 54-56 (record affirmatively revealed jurisdictional defect where father's affidavit filed with original divorce petition stated that child was born in and had always lived in Spain but for month-long visit to Texas one year before petition was filed, and father testified in divorce proceeding that Spain was more appropriate jurisdiction to determine custody); *Shurtz*, 2011 Tex. App. LEXIS 10245, at *11-17 (record affirmatively and conclusively negated trial court's jurisdiction where father's petition stated that he had lived and worked in Kansas for "past couple of years" and that children had not lived in Texas for preceding six months; petition's allegations "affirmatively established that Kansas" was children's home state; and reporter's record showed that no evidence was provided about how long children had lived in Texas or where parties lived when suit was filed); *K.M.P.*, 323 S.W.3d at 604-05 (face of divorce decree, which listed Georgia as child's home state but also recited that pleadings contained all necessary allegations and that court had jurisdiction, "affirmatively negate[d]" jurisdiction; despite recitation about jurisdictional allegations, no evidence in record to show that Georgia had declined jurisdiction or that Texas was child's home state at time of filing).

4

Instead, the agreed decree recited that all jurisdictional allegations were made, that evidence established that the trial court had jurisdiction over the parties, and that Texas was C.W.S.'s home state, and Chandler has not produced evidence from the divorce proceeding's record that affirmatively and conclusively negated those recitations. *See Alfonso*, 251 S.W.3d at 55. We overrule Chandler's three issues and affirm the trial court's order denying her petition to declare the underlying divorce decree void.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: March 20, 2014