**AFFIRMED and Opinion Filed January 25, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01362-CV**

**IN THE INTEREST OF B.E. AND T.E., CHILDREN**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-54257-2016**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Garcia

Appellee Father filed a petition to modify parent–child relationship. After a jury trial but before judgment, appellant Mother filed a motion to dismiss the proceeding based on lack of subject-matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). The trial judge denied Mother's motion to dismiss and signed a final order on the merits. Mother appeals. We affirm.

### I. BACKGROUND

This case began when Father filed for divorce in 2016. The trial judge signed an agreed final decree of divorce in January 2017. According to the decree, the

parties had two daughters: eleven-year-old B.E. and five-year-old T.E. The decree named the parents as joint managing conservators of the children and awarded Mother the exclusive right to designate, without any geographic limitation, the children's primary residence until each child's twelfth birthday.

In March 2018 Father filed a petition to modify parent–child relationship. In April 2019, the trial judge signed an agreed order that again appointed the parents as joint managing conservators. The order awarded Mother the exclusive right to designate the children's primary residence within Texas or Colorado.

In June 2021, Father filed the petition to modify parent–child relationship that gives rise to this appeal. The case was tried before a jury on September 6 and 7, 2022. The jury found that Father should be awarded the exclusive right to designate the children's primary residence in Texas or Colorado.

On September 15, 2022, Mother filed a verified motion asking the trial judge to vacate all prior orders relating to the children and to dismiss the case for lack of subject-matter jurisdiction. According to Mother, the trial court did not acquire child-custody jurisdiction in the original divorce proceeding because under the UCCJEA only Colorado had subject-matter jurisdiction over the children. The trial judge held a hearing on Mother's motion and said he intended to deny the motion and sign a final order in the case. On September 22, 2022, the trial judge signed a final order that awarded Father the exclusive right to designate the children's

primary residence in Texas or Colorado. Nevertheless, Father later filed a response to the Mother's motion to dismiss.

Mother timely filed a motion for new trial. She also filed a supplemental motion to dismiss for lack of jurisdiction. The trial judge then held a second hearing on Mother's motion to dismiss. The trial judge stated that the hearing was not an evidentiary hearing, and he orally denied Mother's motion. After the judge's oral ruling, Mother made an offer of proof consisting of eleven exhibits. The judge later signed an order denying Mother's motion to dismiss. It appears that Mother's motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

Mother timely appealed. She also filed a petition for writ of mandamus, which we denied. *See In re Monjure*, No. 05-22-01277-CV, 2022 WL 18006860 (Tex. App.—Dallas Dec. 30, 2022, orig. proceeding) (mem. op.).

## II. ISSUES PRESENTED

Mother presents two issues on appeal.

First, Mother argues that the trial judge erred by not considering extrinsic evidence when he decided Mother's motion to dismiss.

Second, Mother argues that the trial judge erred by denying her motion to dismiss and by refusing to recognize that his judgments in this case are void to the extent they relate to child custody.

## III. ANALYSIS

### A. Overview of the UCCJEA

The UCCJEA is codified as Chapter 152 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 152.101. The UCCJEA addresses, among other things, trial-court jurisdiction to make child-custody determinations. *See id.* § 152.201(a) (defining when a Texas trial court "has jurisdiction to make an initial child custody determination"); *see also id.* § 102.011 ("The court may exercise status or subject matter jurisdiction over the suit as provided by Chapter 152."). The parties note that some have questioned whether the UCCJEA's provisions are truly jurisdictional. *See In re D.S.*, 602 S.W.3d 504, 518 (Tex. 2020) (Lehrmann, J., concurring) (arguing that the UCCJEA should not be construed as a subject-matter-jurisdiction statute). But we have held that UCCJEA's requirements define the trial court's subject-matter jurisdiction. *See Seligman-Hargis v. Hargis*, 186 S.W.3d 582, 585 (Tex. App.—Dallas 2006, no pet.). We must follow our prior panel holdings unless and until they are superseded by a higher authority. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (explaining Texas law of horizontal stare decisis).

Because this proceeding is based on a petition to modify a previous child-custody order, § 152.202 of the UCCJEA applies. That section, entitled "Exclusive Continuing Jurisdiction," provides as follows:

> (a) Except as otherwise provided in Section 152.204 [concerning temporary emergency jurisdiction], a court of this state which has made a child custody determination *consistent with Section*

*152.201 or 152.203* has exclusive continuing jurisdiction over the determination until [one of two defined events comes to pass].

FAM. § 152.202(a) (emphasis added). No one contends that § 152.204 applies or that the trial court's exclusive continuing jurisdiction was terminated by a subsequent event. And Mother does not dispute that the trial court previously made a child-custody determination about these children in the 2017 divorce decree. Rather, Mother argues that the trial court lacked exclusive continuing jurisdiction of the modification proceeding because it lacked initial child-custody jurisdiction when it rendered the 2017 divorce decree. That is, Mother disputes that the 2017 child-custody determination was "consistent with" § 152.201 or § 152.203. Father has never contended that § 152.203 applies, so we turn to § 152.201.

Section 152.201 is entitled "Initial Child Custody Jurisdiction," and it provides in relevant part as follows:

> (a)　Except as otherwise provided in Section 152.204 [concerning temporary emergency jurisdiction], a court of this state has jurisdiction to make an initial child custody determination only if:
>
> (1)　this state is the home state of the child on the date of the commencement of the proceeding . . . .

*Id.* § 152.201(a)(1). The UCCJEA defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* § 152.102(7). And it defines "commencement" as "the filing of the first pleading in a proceeding." *Id.* § 152.102(5).

–5–

**B. Issue One: Did the trial judge err by refusing to consider extrinsic evidence in the course of deciding Mother's motion to dismiss?**

In Mother's first issue, she argues that the trial judge erred by refusing to consider extrinsic evidence she offered to prove that the 2017 divorce decree was not rendered "consistent with" § 152.201. *See* FAM. § 152.202(a) (providing that trial court has continuing exclusive jurisdiction to make child-custody determinations if it previously made such a determination "consistent with" § 152.201 or § 152.203). Father argues that the trial judge did not err.

**1. Applicable Law**

Subject to limited exceptions, courts may not consider extrinsic evidence in a collateral attack on a final judgment. *In re D.S.*, 602 S.W.3d at 510 n.11; *see also York v. State*, 373 S.W.3d 32, 41–42 (Tex. 2012) (discussing exception for situations in which court lacks, under the very law of its creation, any possible power to render judgment).

A collateral attack is an attempt to avoid the effect of a judgment in a proceeding instituted not for the purpose of correcting, modifying, or vacating that judgment but rather to obtain some specific relief that the judgment currently stands as a bar against. *Dallas Cnty. Tax Collector v. Andolina*, 303 S.W.3d 926, 930 (Tex. App.—Dallas 2010, no pet.). Only void judgments may be collaterally attacked. *Id*. A judgment is void if it is apparent that the rendering court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Id*.

## 2.    Application of the Law to the Facts

Mother makes two arguments in support of her first issue.

### a.    Mother's First Argument

Mother's first argument proceeds as follows:

1.    The general rule prohibiting the use of extrinsic evidence in a collateral attack applies only if the trial judge who rendered the attacked judgment "actually considered jurisdictional facts and made a jurisdictional determination."

2.    In this case, the trial judge did not actually consider jurisdictional facts or make a jurisdictional determination when he rendered the 2017 divorce decree because there was no pleading or evidence before the court showing that Texas was the children's home state under the UCCJEA.

3.    Accordingly, the no-extrinsic-evidence did not apply, and the trial judge erred by ruling otherwise.

We reject the first premise of Mother's argument. The only authority she cites for support is *York v. State*, 373 S.W.3d 32 (Tex. 2012), and *York* does not support her argument. In *York*, the court first noted the general rule that "a judgment rendered by a court without jurisdiction cannot be collaterally attacked with extrinsic evidence." *Id*. at 41. Then it recognized an exception to the no-extrinsic-evidence rule if the rendering court lacked, under the very law of its creation, any possible power to render the particular judgment. *Id*. at 41–42. Finally, the court concluded that a judgment rendered in violation of an automatic bankruptcy stay comes within the no-possible-power exception to the no-extrinsic-evidence rule. *Id*. at 42.

Mother does not argue that *York*'s no-possible-power exception to the no-extrinsic-evidence rule applies to this case; instead, she asserts that her proposed exception is supported by the following passage in *York*:

> [The law] precludes inquiry by evidence [outside] the record in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering the judgment must have passed upon in proceeding to its rendition.

*Id.* at 41 (quoting *Crawford v. McDonald*, 33 S.W. 325, 328 (Tex. 1895)). We disagree. This passage is merely another statement of the general rule that a party making a collateral attack may not use extrinsic evidence to negate facts essential to the jurisdiction of the rendering court. Thus, *York* does not support Mother's theory that extrinsic evidence may be used in a collateral attack if the rendering court did not consider jurisdictional facts and make a jurisdictional determination.

Mother also seems to argue that extrinsic evidence is admissible in a collateral attack if the underlying pleadings and record are insufficient to show that the rendering court had jurisdiction. We disagree with this proposition as well. We find no cases holding that extrinsic evidence may be used in a collateral attack based on mere insufficiencies in the underlying jurisdictional pleadings or evidence. Rather, the supreme court has indicated that the record must affirmatively show a jurisdictional defect before extrinsic evidence can be received:

> It seems to be the settled rule that if the record in the cause does not negative the existence of facts authorizing the court to render the judgment, the law conclusively presumes that such facts were established before the court when such judgment was rendered, and evidence [outside] the record to the contrary will not be received.

*Alphonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam) (quoting *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944)). Mother does not argue that the underlying divorce petition or record affirmatively negated UCCJEA jurisdiction in the original divorce proceeding, so she has not shown that the exception to the no-extrinsic-evidence rule suggested by *Alphonso* applies in this case.

Accordingly, we reject Mother's first argument under issue one.

### b. Mother's Second Argument

In Mother's second argument, she argues that this case is distinguishable from cases in which the no-extrinsic-evidence rule has been applied. She points out that her motion to dismiss not only collaterally attacked the 2017 divorce decree but also directly attacked the trial court's jurisdiction to render the 2022 modification order. She concludes that this "significant procedural difference" distinguishes this case from cases involving "truly collateral attacks."

We reject Mother's second argument. Mother cites no authority to support the premise that a party may use extrinsic evidence to support a collateral attack if that attack is joined with a challenge to the trial court's jurisdiction in the current proceeding. *See* TEX. R. APP. P. 38.1(i) (argument section of appellant's brief must be supported with "appropriate citations to authorities"). And to the extent Mother suggests that her challenge to the 2017 divorce decree is not a collateral attack at all, we disagree. A collateral attack is an attack on a judgment made in a proceeding instituted not for the purpose of correcting, modifying, or vacating that judgment but

rather to obtain some specific relief that the judgment currently stands as a bar against. *See Andolina*, 303 S.W.3d at 930. Mother's attack on the child-custody provisions in the 2017 divorce decree in order to win dismissal of Father's 2021 modification suit fits that definition. *See id.*; *see also In re Schurtz*, No. 03-11-547-CV, 2011 WL 6938502, at *3 (Tex. App.—Austin Dec. 30, 2011, orig. proceeding) (mem. op.) (holding that a similar attack made on analogous facts was a collateral attack).

### 3. Conclusion

We overrule Mother's first issue on appeal.[1]

## C. Issue Two: Did the trial judge err by failing to grant Mother's motion to dismiss?

In her second issue, Mother argues that the trial court lacked subject-matter jurisdiction to render judgment in Father's modification suit because the trial court lacked jurisdiction to render its initial child-custody determination in 2017.

Mother's argument depends on extrinsic evidence to show that the 2017 divorce decree was not "consistent with" the jurisdictional provisions of § 152.201—i.e., that Colorado had home-state jurisdiction over the child-custody issues raised in the divorce suit and Texas did not. But we have already rejected Mother's arguments that the trial judge erred by refusing to consider extrinsic

---

[1] We limit our holdings to the arguments Mother presents on appeal, and we do not consider whether extrinsic evidence might have been admissible based on any other exception to the general rule. *See State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989) (per curiam) (court of appeals may not reverse based on arguments not raised by appellant).

evidence when he ruled on Mother's collateral attack on the child-custody provisions in the 2017 divorce decree. Thus, our overruling of Mother's first issue requires us to overrule her second issue as well.

## IV. DISPOSITION

We affirm the trial court's Final Order in Suit Affecting the Parent–Child Relationship.

/Dennise Garcia/

DENNISE GARCIA

221362F.P05                                   JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.E. AND T.E., CHILDREN

No. 05-22-01362-CV

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-54257-2016.
Opinion delivered by Justice Garcia. Justices Goldstein and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Matthew Eddington recover his costs of this appeal from appellant Lindsey Monjure.

Judgment entered this 25th day of January 2024.