

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00873-CV

**IN RE** Corinne **JENKINS**

Original Mandamus Proceeding[1]

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: March 5, 2025

PETITION FOR WRIT OF MANDAMUS CONDITONALLY GRANTED

This original proceeding arises out of a divorce proceeding filed by Stewart Jenkins in which he seeks an initial child custody determination for conservatorship, possession and access to the child born during his marriage to Corinne Jenkins. At the time of the filing, both parents and the child lived in Okinawa, Japan due to Mr. Jenkins' military deployment. The child was born and raised in Japan until well after the initial filing in this case. Mother seeks a writ of mandamus setting aside the trial court's order on her motion to sever and to dismiss for lack of subject matter jurisdiction because she contends Texas has never been the "home state" of the child. *See* TEX. FAM. CODE §152.201 (setting out the exclusive bases upon which a trial court

---

[1] This proceeding arises out of Cause No. 2023CI04742, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable Christine Vasquez-Hortick presiding.

may take jurisdiction over an initial child custody determination). We agree and conditionally grant the writ of mandamus.[2]

## BACKGROUND

The child made the basis of this suit was born in Okinawa, Japan on November 29, 2021. Mother, Father, and the child were still living in Japan at the time Father filed his petition for divorce in Bexar County, Texas on March 8, 2023.[3] It is uncontested that the child never lived in any other location prior to the divorce filing. On May 16, 2023, Mother counterfiled for divorce and custody, not challenging jurisdiction at that time. In June of 2023, Mother and the child moved from Japan to Philadelphia. They remain living there today.

On September 23, 2024, the Texas trial court held a final hearing and the parties entered into a partial agreement regarding child custody, naming both parents as joint managing conservators, with Mother having the exclusive right to receive child support, and a standard possession order. The only issues that were tried relating to the child were the request for a geographical restriction and the issue of travel costs.[4]

On November 27, 2024, Mother, having retained new counsel, filed a motion to sever and dismiss, asserting for the first time that the Texas trial court lacked subject matter jurisdiction over the issues impacting the conservatorship, possession and access to the child. A hearing on

---

[2] This court requested responses from the real party in interest and the respondent, and the real party in interest filed a response on January 16, 2025.

[3] Father relied on his military status to file in Bexar County, Texas where he resided prior to his military deployment. *See Rust v. Rust*, No. 04-17-00674-CV, 2018 WL 4760157, *4 (Tex. App.—San Antonio 2018, no pet.) ("With regards to a soldier in the military, the 'soldier does not acquire a new domicile merely by being stationed at a particular place in the line of duty. Rather a soldier's domicile remains the same as when he or she entered the service, unless proof of clear and unequivocal intention to change domicile is shown.'") (quoting *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 849 n.17 (Tex. 2000)).

[4] At the time of the final hearing, Father was still residing in Japan.

the motion was held on December 18, 2024.[5] At the hearing, Father asserted, via argument only, that the Status of Forces Agreement with Japan precludes him, as a military member in Japan solely for the purpose of fulfilling his military duties, from filing for an initial child custody determination in Japan. Mother also advised the trial court, via argument only, that she has filed a suit for an initial child custody determination in Philadelphia, where she and the child reside. The trial court denied the motion to sever and dismiss, finding it has subject matter jurisdiction over the child custody determination and that it "also has emergency, temporary subject matter jurisdiction over the child." Mother seeks relief, by her petition for writ of mandamus, from that order.

### STANDARD OF REVIEW AND LAW

The question of whether a trial court has subject matter jurisdiction to make an initial child custody determination is one of law that we review de novo. *Seligman-Hargis v. Hargis*, 186 S.W.3d 582 (Tex. 2006); *Rust v. Rust*, No. 04-17-00674-CV, 2018 WL 4760157, *4 (Tex. App.—San Antonio 2018, no pet.). As the party seeking to invoke the trial court's jurisdiction, Father had the burden to set forth facts that affirmatively demonstrated the trial court's authority. *Seligman*, 186 S.W.3d at 585; *see also Dillard Tex. Operating Ltd. P'ship v. City of Mesquite*, 168 S.W.3d 211, 214 (Tex. App.—Dallas 2005, pet. denied). In reviewing the jurisdictional issue, we construe the pleadings in favor of jurisdiction and consider all relevant evidence necessary to resolve the jurisdictional issue. *Seligman*, 186 S.W.3d at 585.

Section 152.201 is the exclusive basis for jurisdiction over child custody matters. TEX. FAM. CODE §152.201(b); *In re Brown*, 203 S.W.3d 888, 890 (Tex. App.—Fort Worth 2006, orig. proceeding). The purpose of Section 152.201 is to follow the Uniform Child Custody

---

[5] Also on that date were set Father's motion to enter final decree of divorce and his motion to reconsider. The only signed order in the record before this court is the order denying the motion to sever and dismissing for lack of subject matter jurisdiction.

Jurisdiction and Enforcement Act and to avoid having multiple courts in different jurisdictions simultaneously seek to adjudicate the best interests of a child. *Powell v. Stover,* 165 S.W.3d 322, 325 (Tex. 2005).

The first and primary determination required of a trial court in a child custody matter is to ensure that Texas is an appropriate forum for such a determination. "A Texas trial court has jurisdiction over the initial child custody determination when Texas is the child's home state, or when the court of another state does not have jurisdiction as a home state or has declined to exercise jurisdiction."[6] *In re A.J.T.,* 654 S.W.3d 312 (Tex. App.—Eastland 2022); *see* TEX. FAM. CODE § 152.201(a). Generally, a child's "home state" is where the child "lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." TEX. FAM. CODE §152.102(7).

Because the child's residence has changed during the pendency of this matter, it is important to note that, for purposes of our jurisdictional analysis, we will look to the date on which this matter was initially filed in Bexar County. *See A.J.T.,* 654 S.W.3d at 316; *Brown*, 203 S.W.3d at 891; *In re Oates*, 104 S.W.3d 571, 577 (Tex. App.—El Paso 2003, orig. proceeding). Further, we will "focus on the child's 'physical presence' in a state, not the legal residency of his parents." *Rust*, 2018 WL 4760157 at *4 (*citing Powell*, 165 S.W.3d at 325–28).

## ANALYSIS

While Father had the burden of proof on the jurisdictional facts, he failed to file an affidavit or verified pleading, required by the Texas Family Code Section 152.209, setting forth facts relating to where the child lived in the five years preceding the suit and whether there were

---

[6] A foreign country is to be treated as if it were a state of this country for purposes of our analysis and determination of the child's "home state" under Texas Family Code Section 152.201. TEX. FAM. CODE §152.105(a); *see Cortez v. Cortez*, 639 S.W.3d 298, 306 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

any court proceedings involving the child.[7] TEX. FAM. CODE § 152.209. Mother did file an affidavit, albeit after the final trial had concluded but before a final order was issued, in which she demonstrated that the child had lived no other place other than Japan prior to the Bexar County filing and had moved from Japan to Philadelphia in June of 2023. By these facts, it is clear that Texas could only take "home state" jurisdiction under Section 152.201(a) if no other state had "home state" jurisdiction or if "all courts otherwise having jurisdiction have declined jurisdiction." TEX. FAM. CODE §152.201(a)(1)–(4); *see Seligman*, 186 S.W.3d at 586 (holding father, who was in Germany with mother and child as a Department of Defense employee, was required to show the German court had declined jurisdiction before Texas could assume same).

Father attempts to distinguish the holding in *A.J.T.,* in which the court found that Japan was the home state for a child under similar circumstances. 654 S.W.3d at 316. Similarly, the child in *A.J.T.* lived in Japan at the time of filing, both parents filed for divorce, and temporary orders were entered before the jurisdictional issue was raised. *Id.* at 314. The court ultimately dismissed the case, finding Texas did not have "home state" jurisdiction because Japan was the child's "home state" at the time of filing. *Id.* at 316–17. Father attempts to distinguish *A.J.T.* by pointing out that the case did not involve a military family and by setting forth the Status of Forces Agreement between the United States and Japan relating to United States military members serving in Japan.

He specifically points to the provision within the Status of Forces Agreement which states:

---

[7] Father filed his divorce petition and sought to establish jurisdiction by simply averring to his Bexar County resident and domiciliary status. But, as established in *Rust*, residence and legal domicile are not sufficient to establish "home state" jurisdiction for the purposes of an initial child custody determination. *Rust*, 2018 WL 4760157 at *4-6.

1. The United States may bring into Japan persons who are members of the United States armed forces, the civilian component, and their dependents, subject to the provisions of this Article.
2. Members of the United States armed forces shall be exempt from Japanese passport and visa laws and regulations. Members of the United States armed forces, the civilian component, and their dependents shall be exempt from Japanese laws and regulations on the registration and control of aliens, but shall not be considered as acquiring any right to permanent residence or domicile in the territories of Japan.

Agreement Under Article VI of the Treaty of Mutual Cooperation and Security: Facilities and Areas and the Status of United States Armed Forces in Japan, 11 U.S.T. 1652 (1960). But, the Status of Forces Agreement was not attached to a response filed with the court or entered into evidence and no effort was made to support the interpretation that this provision means that the Japanese court would decline jurisdiction over a child custody determination of a child born to a United States military member and his or her spouse. That may very well be the case, but the record is silent in this regard and we cannot find a case supporting such a construction.

On these facts and based on the record before us, we cannot find that Texas was the "home state" on the date of the Bexar County filing. While the trial court also assumed temporary emergency jurisdiction in order to grant holiday visitation to Father, the scope of that jurisdiction has ended, assuming without deciding it was proper in the first instance.[8] Further, we note that, if it is true that Mother has instituted proceedings in Philadelphia where the child has resided since June 2023, that court may have acquired "home state" jurisdiction under the UCCJEA, depending on when it was filed.

## CONCLUSION

Because Texas has no jurisdiction over the child in question, we conditionally grant the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to

---

[8] The trial court made it clear it was assuming "emergency jurisdiction in order to make orders to facilitate Christmas vacation."

vacate its child custody orders and dismiss any claim for conservatorship, possession and access relating to the child.[9]

Lori Massey Brissette, Justice

---

[9] Regarding the motion to sever, it is well established that a court may have jurisdiction over divorce proceedings but not to make a child custody determination. TEX. FAM. CODE § 6.308; *Seligman*, 186 S.W.3d at 586.